1

2

3

4

5

6

7

8                     **UNITED STATES DISTRICT COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10

11  | UNITED STATES, et al., | Case No. CV 10-3165 GHK (SSx) |

12  |                 Plaintiffs, |                              |

13  |     v. | **MEMORANDUM AND ORDER RE:** |

14  | CELGENE CORPORATION, | **PARTIES' PROPOSED STIPULATED** |

15  |                 Defendant. | **PROTECTIVE ORDER** |

16

17

18

19       The Court has received and considered the parties' proposed

20  Stipulation and Protective Order ("Prot. Order").  The Court is

21  unable to adopt the Protective Order as stipulated to by the

22  parties for the following reasons:

23

24       First, the Court will not agree to the procedures the

25  parties propose for resolving disputes.  (See Prot. Order ¶¶ 7,

26  10, 11).  Before seeking court intervention in any discovery

27  matter, the parties must strictly comply with the Central

28  District's Local Rule 37, including the letter and meet and

1   confer requirements set forth in Local Rule 37-1.  Both parties

2   must timely file a written joint stipulation containing all

3   issues in dispute.  C.D. Cal. L.R. 37-2, 37-2.1.  The form and

4   preparation of this stipulation are expressly laid out in Local

5   Rules 37-2.1 and 37-2.2.  C.D. Cal. L.R. 37-2.1, 37-2.2.  The

6   Court will not consider the motion unless the stipulation or a

7   declaration from the moving party, describing how the opposing

8   party failed to cooperate in formulating the stipulation, is

9   timely filed.  <u>See</u> C.D. Cal. L.R. 37-2.4.  Disputes over

10  subpoenas must follow Local Rule 45 and Local Rule 37.

11

12      Second, the Court cannot agree to the procedures the parties

13  propose for the filing of documents under seal.  (Prot. Order, p.

14  5, ll. 15-28).  The filing and disclosure of confidential court

15  records must comply with the Central District's Local Rule 79-5.

16  If confidential material is included in any papers to be filed in

17  Court, such papers must be accompanied by an application,

18  pursuant to Local Rule 79-5.1, to file the papers -- or the

19  confidential portions thereof -- under seal.  The application

20  shall be directed to the judge to whom the papers are directed.

21  Pending ruling on the application, the papers or portions thereof

22  subject to the sealing application shall be lodged under seal.

23  Local Rules 79-5.2 and 79-5.3 govern the disclosure of

24  confidential court records.  To the extent a designating party

25  wishes to submit evidence or argument in support of filing a

26  document under seal, the Court cannot agree to the proposed

27  \\

28  \\

2

"fourteen day" period. (Prot. Order, p. 5, ll. 19-20). Instead, a designating party must seek permission and/or a deadline from the judge to whom application is made.

Third, the Court will not agree to have any of its personnel be bound by the terms of the Protective Order. The parties should not include any language in the Protective Order that obligates the Court to act in a certain manner in relation to the confidential documents. If the parties chose to submit a revised stipulation, the parties should delete all references to the "Clerk of the Court" or any other court personnel. Further, the Court will not agree to have any of its personnel sign Exhibit A, the acknowledgment agreeing to be bound by the terms of the protective order. The phrase "court reporters" shall not apply to court personnel.

Fourth, a protective order should be narrowly tailored and cannot be overbroad. See Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 n.3 (9th Cir. 2004); see also Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (noting that Rule 26(c) requires a "particular showing" of good cause pertaining to specific documents). It is preferable to have the documents, information, items or materials that are subject to the protective order described in a meaningful and specific fashion (for example, "personnel records," "medical records" or "tax returns," etc.).

\\

\\

1    In any future proposed Protective Order, if the protected
2    documents are described with specificity, the parties must
3    include a "good cause" statement.  Foltz, 331 F.3d at 1130
4    (court's protective order analysis requires examination of good
5    cause) (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206,
6    1210–11, 1212 (9th Cir. 2002)).  Rule 26 requires good cause for
7    the entry of a protective order.  Kamakana v. City and Cnty. of
8    Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006) (parties must make
9    a "particularized showing" of good cause for court to enter
10   protective order).  In any revised stipulated Protective Order
11   submitted to the Court, the parties should include a statement
12   demonstrating good cause for entry of a protective order
13   pertaining to the documents, materials or information described
14   in the order.

15

16   It is possible that the parties are seeking a "blanket"
17   protective order.  See Blum v. Merrill Lynch Pierce Fenner &
18   Smith, Inc., 712 F.3d 1349, 1352 n.1 (9th Cir. 2013) (defining a
19   "blanket" protective order as an order that is obtained without
20   "making a particularized showing of good cause with respect to
21   any individual document") (citing Foltz, 331 F.3d at 1138); Perry
22   v. Brown, 667 F.3d 1078, 1086 (9th Cir. 2012) (blanket protective
23   orders often cover materials that would not qualify for
24   protection if subjected to individualized analysis).  To the
25   extent the parties request a blanket protective order, they must
26   explain to the Court why this type of "generally disfavor[ed]"
27   protective order is appropriate here.  See Johnson v. City and
28   Cnty. of S.F., 2012 WL 104635 at *2 (N.D. Cal. Jan. 12, 2012);

1    see also <u>U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.</u>,

2    2004 WL 2009414 at *3 (D. D.C. May 17, 2004) (upholding blanket

3    protective order in a "complex, multi-defendant, multi-district

4    litigation case"); <u>Longman v. Food Lion, Inc.</u>, 186 F.R.D. 331,

5    333-34 (M.D. N.C. 1999) (blanket protective order appropriate

6    where discovery "involved hundreds of documents containing

7    confidential business information that Defendants feared could be

8    used by Defendants' competitors to gain a business advantage");

9    <u>Tavoulareas v. Piro</u>, 93 F.R.D. 24, 28-30 (D. D.C. 1981) (granting

10   blanket protective order where it was the "only efficient way to

11   handle the enormous volume of materials" sought in discovery).

12   Accordingly, in any revised protective order, if the parties are

13   seeking a "blanket" protective order without any specific,

14   individualized analysis of harm, the parties should explain why

15   such an order is appropriate in this case.

16

17        Fifth, the Court cannot agree to the parties' stipulation

18   regarding the use of documents, materials and information as

19   evidence at any hearing or trial. (Prot. Order, p. 3, ll. 11-12;

20   p. 4, ll. 8-9; p. 6, ll 1-2). The instant protective order is

21   before the Court for discovery purposes only,

22   and the parties cannot use the current protective order to

23   control the admission of evidence at a hearing or trial.

24

25        Sixth, the Court will not agree that material filed in this

26   action will be designated "CONFIDENTIAL INFORMATION <u>SUBJECT TO</u>

27   <u>CONFIDENTIALITY ORDER</u>" (Prot. Order pp. 2-3) (emphasis added),

28   because this might suggest that the Court has made a

determination about whether particular material fits within categories described in the Order. In any revised Protective Order, parties shall delete the "subject to confidentiality order" language.

The Court advises the parties that all future discovery documents filed with the Court shall include the following in the caption: "[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]."

Finally, the Court notes that its website contains additional guidance regarding protective orders. This information is available in Judge Segal's section of the link marked "Judges' Procedures & Schedules." (See http://www.cacd.uscourts.gov/CACD/JudgeReq.nsf/2fb080863c88ab4788 2567c9007fa070/0141b1bcd8ee7f8488256bbb00542959?OpenDocument).

The parties may submit a revised Stipulation and [Proposed] Protective Order for the Court's consideration.

IT IS SO ORDERED.

DATED:   September 4, 2014

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE