Karen P. Hewitt (SBN 145309)
khewitt@jonesday.com
Beong-Soo Kim (SBN 212911)
bkim@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Kimberly A. Dunne (SBN 142721)
kdunne@sidley.com
Sean A. Commons (SBN 217603)
scommons@sidlay.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA  90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Defendant
CELGENE CORPORATION
(*Additional Counsel listed on following page*)

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, the STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, WASHINGTON, WISCONSIN, the DISTRICT OF COLUMBIA, and the CITY OF CHICAGO, ex rel. BEVERLY BROWN<br><br>v.<br><br>CELGENE CORPORATION,<br><br>           Defendant. | Case No. 10-cv-03165 GHK (SSx)<br>Assigned to: Hon. George H. King<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal] |

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  Toni-Ann Citera (admitted pro hac vice)
   tcitera@jonesday.com
2  JONES DAY
   222 East 41st Street
3  New York, New York 10017
   Los Angeles, CA 90071.2300
4  Telephone: (212) 326-3939
   Facsimile: (212) 755-7306
5

6  Kristin Graham Koehler (admitted pro hac vice)
   kkoehler@sidley.com
7  James C. Stansel (admitted pro hac vice)
   jstansel@sidley.com
8  SIDLEY AUSTIN LLP
   1501 K Street, NW
9  Washington, DC 20005
   Telephone: (202) 736-8000
10 Facsimile: (202) 736-8711

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

203593175

[PROPOSED] STIPULATED PROTECTIVE ORDER

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

1.  Good Cause Statement

Fed. R. Civ. P. 26(c) requires parties to show good cause for the entry of a protective order by the Court.  "[R]estraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Foltz v. State Farm Mutual Automobile Ins. Co.,* 331 F.3d 1122, 1134 (9th Cir. 2003).  As a result, "[w]hile courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011); *Foltz*, 331 F.3d at 1131 (noting a district court need not require a good cause showing for discovery documents not filed with the court "given the onerous burden document review entails").  In order to establish good cause for this protective order, to protect the public interest, and to allow for future judicial review or public challenges, the parties stipulate to the following facts, and the following principles are the basis upon which documents and information in this action may be determined to be subject to this protective order.

Because this case involves the pharmaceuticals, medical records pertaining to the prescription and use of the drugs at issue may be relevant.  Many such records include patient identifying information and are protected from disclosure by the physician-patient privilege, HIPAA, or other applicable law.  *See, e.g.*, 45 C.F.R. § 164.512(e)(1)(ii)(B) (requiring protective order prior to disclosure of protected health information in response to discovery requests absent individual notice to individuals); Cal. Civ. Code §§ 56 *et seq.*; Cal. Code Civ. Proc. § 1985.3(a)(1).  In addition, businesses such as Defendant ordinarily maintain the confidentiality of trade

secrets and other confidential research, development, or commercial information (as those terms are used in Fed. R. Civ. P. 26(c)).  Also, pharmaceutical manufacturers, such as Defendant, may derive a competitive advantage from the foregoing information and from the fact that such information is kept confidential.  Fed. R. Civ. P. 26(c)(1)(G); *see also, e.g.*, Cal. Civ. Code § 3426.1; *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 2:14-cv-02464-RSWL-SS (C.D. Cal. 2014), Dkt. No. 34 (protecting "trade secrets" as confidential).

This case may also involve information submitted to governmental and/or regulatory agencies that is exempt from public disclosure, *see, e.g.*, 5 U.S.C. § 552(b)(4), (6), (7)(A), (7)(B), (7)(C), as well as information that the Designating Party is under a duty to preserve as confidential under an agreement with or other obligation of another person.  *See, e.g.*, *Deckers Outdoor Corp. v. JLJ Footwear, Inc.*, 2:14-cv-00202-SVW-SS (C.D. Cal. 2014), Dkt. No. 23, pg. 2 (approving protective order applicable to "[i]nformation that the Party is under a duty to preserve as confidential under an agreement with or other obligation to another Person").  In addition, personnel and employment information also may be relevant to this action and may contain information that should remain confidential.  *See, e.g.*, *Foltz*, 331 F.3d at 1134 (identifying "personnel information" as subject to protection); *Mardirossian v. Sears Holdings Man. Corp.*, 2:12-cv-08161-JAK-SS (C.D. Cal. 2012), Dkt. No. 23, pg. 2 (identifying "personnel files and other personnel-related information" as confidential); *Jefferson v. Boeing Co.*, 2:13-cv-04453-PSG-SS (C.D. Cal. 2013), Dkt. No. 18, pg. 2 (identifying "private personnel information of third party employees" as confidential).  Finally, materials requested during the course of discovery may contain information that, if subject to public disclosure, could expose individuals to annoyance, embarrassment, harassment, oppression or undue burden or expense.  *See, e.g.*, Fed. R. Civ. P. 26(c)(1); *cf.* 11 U.S.C. § 107(c)(1)(A).[1]

---

[1] By identifying these categories of information potentially subject to designation as Confidential Information, neither party waives any objections to discovery.  *See infra*

Good cause exists because, if such information was produced without a protective order in place, then, among other things: the privacy rights of third parties privacy rights protected under Constitutional, statutory, and common law principles would be violated; third parties could be exposed to embarrassment, theft, fraud, or harassment; a Producing Party could be accused of breaching a statutory, contractual, or common law duty to protect private and/or proprietary information from public disclosure; competitors could unfairly leverage the time, money, and expertise invested by a Producing Party to develop non-public, proprietary information (such as business and marketing plans, research, pricing and sales information, and trade secrets), and thereby irreparably injure the Producing Party in the marketplace. Accordingly, to expedite the flow of information but also adequately protect Confidential Information, a protective order is justified.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause to protect it.

2. <u>Scope</u>

This Order shall be applicable to and govern all Confidential Information produced, furnished or created during the course of this Action, including any materials or information sought from a non-party who receives a subpoena in connection with this Action or otherwise produces materials or information in this Action.  The Confidential Information protected includes, but is not limited to: materials and information produced in response to requests for production of documents; answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition testimony, exhibits, transcripts, and videotapes; all other discovery, pleadings, briefs, memoranda, affidavits, transcripts; and other materials furnished by or on behalf of any party to this Action.  Any

sections I.A.19.

summary, analysis, description, compilation, notes, excerpt, copy, electronic image or database containing Confidential Information shall be subject to the terms of this Order to the same extent as the material or information from which such summary, analysis, description, compilation, notes, excerpt, copy, electronic image, or database is made or derived.

This Order applies to all Confidential Information produced in this Action, regardless of whether such document or information was produced prior to or after entry of this Order.

In the event that non-parties produce Confidential Information in connection with this Action, the production may be made subject to the provisions of this Order. As necessary and appropriate to uphold the terms of this Order, the existence of this Order may be disclosed to any person (including any non-party served with a subpoena in this action) producing Confidential Information in this Action.

Nothing in this Order is intended to conflict with the applicable Local Rules. Insofar as anything in this Order could be interpreted as conflicting with the applicable Local Rules, the Local Rules will govern. Any use of Confidential Information during a court hearing or at trial shall be governed by the orders of the presiding judge.

3. <u>Definitions</u>

The term "Producing Party" means the party or non-party producing or disclosing documents or information that are designated as Confidential Information under this Order.

The term "Receiving Party" shall mean the party or parties to whom Confidential Information is produced or otherwise disclosed.

4. <u>Confidential Information</u>

Any party to this Action may designate information or documents produced in this Action as "Confidential Information" if such party has the reasonable and good faith belief that such information is non-public and constitutes her, his, or its trade

secret, other confidential information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or otherwise protected from public disclosure.  This includes but is not limited to confidential research, development, or commercial information (as those terms are used in Fed. R. Civ. P. 26(c)), and personal medical information, private personal information, employment information, health information, and tax returns.

Any non-party may designate information or documents produced in this Action by that non-party as "Confidential Information" if such non-party has the reasonable and good faith belief that such information is non-public and constitutes her, his, or its trade secret, other confidential information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or otherwise protected from public disclosure.

Any information supplied in documentary or other tangible form may be designated by the Producing Party as Confidential Information by marking or stamping on each page of such document, transcript, or exhibit, or on the face of such thing, the legend "CONFIDENTIAL INFORMATION."  Where such marking of material is impossible or impractical (such as groups of documents in native form), the Producing Party shall designate in writing, at the time of its production, that the material contains Confidential Information.  Information produced by a non-party but subsequently designated as confidential by a party to the Action shall be treated as Confidential Information, and the recipients shall either mark their copies as "CONFIDENTIAL INFORMATION" or request that the Producing Party provide a replacement set so marked.

5.   Use of Information

All information or documents disclosed in this Action, whether or not containing Confidential Information, shall be used solely for purposes of this Action and not in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, personal or other purpose.

6. <u>Restrictions on the Disclosure of Confidential Information</u>

Confidential Information shall be maintained in confidence pursuant to this Order and shall be disclosed only to the following persons:

    a. Counsel and in-house counsel for the parties, as well as their paralegal, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in the Action;

    b. Officers and employees of the named parties, but only insofar as reasonably necessary for the prosecution and defense of the Action;

    c. Non-party experts or consultants retained in good faith to assist the parties in connection with the Action, provided that prior to the time that any such expert or consultant is given access to Confidential Information, such person is provided with a copy of this Confidentiality Order and such expert or consultant shall execute an undertaking in the form of Exhibit A hereto agreeing to be bound by this Confidentiality Order, which undertaking shall be retained by counsel for the party who engaged such expert or consultant;

    d. Any witness or potential witness and counsel for that witness or potential witness.  If the witness or potential witness is neither currently employed by the Producing Party nor an expert witness covered by subparagraph d above, the Confidential Information may be disclosed to the witness or potential witness only if the Confidential Information is relevant to the Action and to the person's knowledge and potential testimony, and provided that prior to the time that any such witness or potential witness is given access to Confidential Information, such person is provided with a copy of this Confidentiality Order and (i) such person executes an

undertaking in the form of Exhibit A hereto agreeing to be bound by this Confidentiality Order or, if the witness or potential witness refuses to executes the undertaking, (ii) counsel giving access to Confidential Information advises the witness or potential witness of the provisions of this Confidentiality Order and prevents such witness or potential witness from retaining possession of any Confidential Information;

e. Court reporters, stenographers or video operators at depositions, court or arbitral proceedings at which Confidential material is disclosed;

f. Any persons requested by counsel to furnish services such as a mock trial or jury profiling; translation or court reporting services; demonstrative exhibit preparation; the creation of any computer database from documents; or the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving and review of Confidential Information, to the extent reasonably necessary to assist the parties in connection with the Action; and

g. Any other person designated by the Court, upon such terms as the Court may deem proper, or agreed to by written stipulation of the parties.

Counsel is responsible for ensuring that those persons identified in subsections (c), (f) and (g) of this section are aware of the terms and conditions of this Confidentiality Order, and Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit A.

If any person wishes to submit any Confidential Information to the Court, the person shall, unless directed by the Court to do otherwise, comply with Local Rule 79-5, including any procedures adopted under the Pilot Project for the Electronic

Submission and Filing of Under Seal Documents. If a person's request to maintain a submission containing Confidential Information under seal is denied as to one or more submissions, and the person does not seek reconsideration under the applicable Local Rules or otherwise appeal the denial, then those submissions may be placed in the public record.

7. <u>Procedure for Designating Deposition Testimony</u>

In the event that any question is asked at a deposition that involves or calls for the disclosure of Confidential Information, the witness shall nevertheless answer such question unless he or she has an independent basis for not responding, provided that the only persons in attendance at the deposition are persons who are permitted to receive the Confidential Information. Testimony given at a deposition may be designated as Confidential Information by making a statement to that effect on the record. Alternatively, within thirty (30) business days after receipt of a transcript, the parties also may designate such transcript or any portion thereof by notifying all parties, in writing, of the specific pages and lines of the transcript which should be treated as Confidential Information. All deposition transcripts shall be treated as "Confidential" until thirty (30) business days after receipt thereof by counsel for the parties and counsel for the witness. The reporter for any deposition shall mark with the legend "CONFIDENTIAL" pages that contain testimony designated as Confidential Information during the deposition.

8. <u>Use of Confidential Information at Pre-trial Hearings</u>

This Order does not govern the conditions under which Confidential Information can be used at pre-trial or trial proceedings. In the event that a Receiving Party intends to use Confidential Information during a pre-trial hearing that has not otherwise been identified in a motion or other filing relating to the pre-trial hearing, the parties agree that the Receiving Party shall notify the Producing Party reasonably in advance of the hearing so that a Producing Party can raise issues relating to confidentiality with the Court. Nothing in this provision, however, shall be construed

as preventing a presiding judge from allowing or permitting Confidential Information to be disclosed at a pre-trial hearing, limiting the right of a party to object to evidence offered without advance notice at a pre-trial hearing, or as limiting a Designating Party's right to object to or seek a separate protective order to govern use of Confidential Information at a pre-trial hearing.

9. <u>Inadvertent Production of Privileged Materials</u>

Pursuant to Fed. R. Evid. 502(d), disclosure of privileged or otherwise protected information is not waived for purposes of other actions or proceedings by inadvertent disclosure in this action.  In the event any document is produced that the Producing Party later claims is protected by the attorney-client privilege, work product doctrine or other privilege or immunity, the production shall not be deemed a waiver or impairment of any claim of privilege or protection or the subject matter thereof, provided that the Producing Party shall immediately notify the Receiving Party in writing when the inadvertent production is discovered.  Within five (5) business days of receiving written notice, along with a log accurately describing such material consistent with Fed. R. Civ. P. 26(b)(5)(A), from the Producing Party that privileged or protected information has been inadvertently produced, the Receiving Party shall (a) return all such information, and all copies thereof, to the Producing Party, reviewing such information (if at all) no more than is permitted by the applicable ethical rules; (b) take all reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified; and (c) certify that any materials prepared by the Receiving Party incorporating such information, such as notes, memoranda, etc., have been destroyed.  If the Receiving Party wishes to challenge the claimed privilege, work-product protection or immunity, the Receiving Party must still comply with (a) and (b) in the preceding paragraph, except that the Receiving Party may retain any notes referencing the Confidential Information insofar as such retention is permitted by the applicable ethical rules and the notes are necessary to comply with Local Rule 37.

In the event the Receiving Party wishes to challenge the claimed privilege, work-product protection or immunity, the parties shall comply with Local Rule 37 in resolving their dispute. The parties agree any permissible retention of notes referencing the Confidential Information for the sole purpose of complying with Local Rule 37 shall not be grounds for arguing that the document is not privileged, work-product-protected or otherwise immune, or that any privilege, protection or immunity was waived thereby. During the pendency of the Local Rule 37 process, the Receiving Party shall make no other use or disclosure of the subject material or the information contained therein. If the motion is unsuccessful, the Receiving Party shall comply with (c) in the preceding paragraph.

10.  Inadvertent Failure to Designate

Inadvertent failure to designate any material or information as Confidential Information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection and may be remedied by supplemental written notice. If such notice is given, all information so designated shall be fully subject to this Order as if it had been initially designated as Confidential Information. After any designation is made in accordance with this paragraph, arrangements shall be made for the return to the Producing Party of all copies of the inadvertently undesignated documents and for the substitution, where appropriate, of properly labeled copies.

11.  Purpose of Order

Nothing in this Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of (i) an admission or waiver, including waiver under the rules of evidence, by any party or other subscriber to this Order; (ii) altering the confidentiality or nonconfidentiality of any such information; or (iii) altering any existing obligation of any party or other subscriber, or the absence of such obligation.

12.  Challenges to Confidentiality Designation

If the Receiving Party disagrees with the confidentiality designation by the

Producing Party, then the parties shall comply with Local Rule 37 in resolving the dispute. Pending a determination by the Court, such information shall be treated by all parties as Confidential in accordance with this Order.

13. <u>Subpoenas</u>

If Confidential Information in the possession, custody, or control of any Receiving Party subject to this Order is sought by subpoena, motion, or other form of discovery request or compulsory process, the Receiving Party to whom the process or discovery request is directed, shall (i) on or before the second business day after receipt thereof, give telephonic notice and written notice by hand, facsimile, or e-mail of such process or discovery request, together with a copy thereof, to counsel for the Producing Party; (ii) cooperate to the extent necessary to permit the Producing Party to seek to quash or modify such process or discovery request, consistently with Local Rules 37 and 45; and (iii) not make production or disclosure of such Confidential Information until the Producing Party consents in writing to production or the Receiving Party is required by a court order to produce such Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure.

14. <u>Disposition Upon Conclusion</u>

Within sixty (60) days after final termination of this Action, including all appeals, all parties and experts, consultants and witnesses shall (i) return to the Producing Party or destroy all originals of material produced and designated as Confidential Information and all identical copies, whether in whole or in part, of such documents, and (ii) destroy all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss or quote materials produced and designated as Confidential Information, except that, with respect to word processing and database tapes and disks, they shall destroy or erase such tapes or disks to the extent practicable. Outside counsel for each party shall be entitled to retain copies of any deposition transcripts and exhibits and any pleadings, motions, memoranda, or exhibits that have been filed with the Court or admitted into evidence and that contain

or refer to information designated as Confidential Information, provided that all such documents shall remain subject to this Order.  Counsel of record for the parties shall certify in writing to each Producing Party that the foregoing has been complied with.

15. <u>Parties' Own Information</u>

This Order shall not limit a Producing Party's use of its own Confidential Information.  Such disclosures shall not affect any designation of such documents as Confidential.

16. <u>Remedies</u>

If Confidential Information is disclosed to or comes into the possession of any person other than in a manner authorized in this Order, the party responsible for the disclosure shall immediately (1) inform those persons of this Order; and (2) inform the person who designated the material as Confidential Information and the other parties already subject to this Order that are in possession of such Confidential Information of all pertinent facts relating to such disclosure and shall make reasonable efforts to prevent further disclosure by each unauthorized person who received Confidential Information.

This Confidentiality Order will be enforced under applicable law.  All other remedies available to any person injured by a violation of this Confidentiality Order are fully reserved.

17. <u>Notice</u>

Notice under this Confidentiality Order shall be to the parties as follows, unless this provision is modified by the parties in writing and filed with this Court:

Notice to Celgene shall be made to:

> Karen Hewitt
> 12265 El Camino Real
> Suite 200
> San Diego, California 92130-409
> Tel: +1.858.314.1119 / Fax: +1.858.314.1150
>
> kphewitt@jonesday.com;
>
> and

Kim Dunne
555 West Fifth Street
Los Angeles, CA 90013
Tel: +1.213.896.6659

kdunne@sidley.com.

Notice to Brown shall be made to:

David Fischer
GRANT & EISENHOFER P.A.
1747 Pennsylvania Ave., NW, Suite 875
Washington, DC 20006
Tel: +1.202.386.9500 / Fax: +1.202.386.9505
dfischer@gelaw.com.

18. <u>Jurisdiction</u>

Unless prohibited by a statute, court order, or applicable rule, the parties may extend or modify deadlines under this Order by written stipulation amongst themselves or, where applicable, with third parties.

The Court retains jurisdiction to amend or modify this Order upon stipulation of the parties to this Action, motion by a party or non-party, or on its own motion.

19. <u>Right to Assert Other Objections</u>

By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

20. <u>Right to Further Relief</u>

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

21. <u>Order to Remain in Force</u>

This Order shall survive and remain in full force and effect after termination of this Action.

| | |
|---|---|
| | **IT IS SO STIPULATED** |
| Dated:  September 19, 2014 | JONES DAY / SIDLEY AUSTIN LLP |
| | By:  /s/ Kimberly A. Dunne |
| | Kimberly A. Dunne |
| | Attorneys for Defendant |
| | CELGENE CORPORATION |
| Dated:  September 19, 2014 | GRANT & EISENHOFER P.A. |
| | By:   /s/ David T. Fischer |
| | David T. Fischer |
| | Reuben A. Guttman |
| | James J. Sabella |
| | BIENERT, MILLER & KATZMAN, PLC |
| | Thomas H. Bienert, Jr. |
| | Ariana Seldman Hawbecker |
| | Attorneys for Plaintiff-Relator |
| | BEVERLY BROWN |
| | **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED** |
| Dated:  September 22, 2014 | _____/S/_____ |
| | Hon. Suzanne H. Segal, Magistrate Judge |