Karen P. Hewitt (State Bar Number 145309)
kphewitt@jonesday.com
Brian D. Hershman (State Bar Number 168175)
bhershman@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone:  (213) 489-3939
Facsimile:  (213) 243-2539

Kimberly A. Dunne (State Bar Number 142721)
kdunne@sidley.com
Michelle B. Goodman (State Bar Number 218607)
mgoodman@sidley.com
Sean A. Commons (State Bar Number 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA  90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

Attorneys for Defendant
CELGENE CORPORATION
(*Additional Counsel listed on following page*)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, WASHINGTON, WISCONSIN, the DISTRICT OF COLUMBIA, and the CITY OF CHICAGO , <br><br> Plaintiffs, <br><br> *Ex rel.* | Case No. 10-cv-03165 GHK (SSx) <br><br> Assigned to the <br> Honorable George H. King <br><br> **DEFENDANT'S *EX PARTE* APPLICATION TO EXCLUDE TESTIMONY AND EVIDENCE RELATED TO PREVIOUSLY UNDISCLOSED DAMAGES THEORY; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **[PUBLIC REDACTED VERSION]** <br><br> Third-Party Fact Discovery: closed <br> Rebuttal Expert Deadline: Oct. 25, 2015 <br> Expert Discovery Cutoff: Nov. 20, 2015 <br> Pretrial Conf. Date: Not set <br> Trial Date: Not set |

| | |
|---|---|
| 1 | BEVERLY BROWN, |
| 2 | Plaintiff-Relator, |
| 3 | v. |
| 4 | CELGENE CORPORATION, |
| 5 | Defendant. |

*Additional Counsel*

Toni-Ann Citera (admitted *pro hac vice*)
tcitera@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

James C. Stansel (admitted *pro hac vice*)
jstansel@sidley.com
SIDLEY AUSTIN LLP
1501 K. St. NW
Washington, DC 20005
Telephone: (202) 736-8092
Facsimile: (202) 736-8711

**DEFENDANT'S *EX PARTE* APPLICATION TO
EXCLUDE TESTIMONY AND EVIDENCE**

Defendant Celgene Corporation ("Celgene" or "Defendant") hereby moves *ex parte* for an order excluding testimony or evidence related to a previously undisclosed damages theory. On September 25, 2015, Relator Beverly Brown ("Relator"), identified *for the first time* in Dr. Joel W. Hay's expert report ("Hay Expert Report") five government programs that she alleges were harmed by Celgene's conduct in the amount of more than ▮▮▮▮▮▮.[1] These programs were not previously identified in Relator's complaint, in her initial disclosures, in her discovery responses, or at any point during this litigation.

*Ex parte* relief is warranted because third-party fact discovery is already closed and the deadline for rebuttal expert reports is October 25, 2015—less than three weeks away. Celgene has not been afforded an opportunity to conduct discovery into the newly-identified programs that allegedly contribute over ▮▮▮▮▮▮ to Relator's damages calculations. Thus, Celgene would be irreparably prejudiced if Relator were permitted to admit testimony or evidence on this new damages theory. Moreover, time is of the essence. In the event this Court does not exclude testimony and evidence related to the newly-identified programs (it should), Celgene will be compelled to file an *ex parte* application before the Hon. George H. King to modify the Scheduling Order [Dkt. 192] to reopen third-party fact discovery to allow discovery on the newly-identified programs in Dr. Hay's expert report and to extend the deadline for Celgene to file a rebuttal expert report and obtain expert discovery on these programs.

In accordance with Local Rule 7-19, Relator's counsel was notified on October 5, 2015 that this application would be made on October 6, 2015. *See* Declaration of Brian D. Hershman ("Hershman Decl.") at ¶10. Relator's counsel indicated that Relator intends to oppose this application. *Id.* at ¶11, Ex. H.

The contact information for Relator's counsel is as follows:

---

[1] The newly identified programs are: (1) the Indian Health Service; (2) 340B Clinics; (3) the federal Children's Health Insurance Plan ("CHIP"); (4) the state counterpart to CHIP; and (5) the State Correction Inmates Program.

Thomas H. Bienert, Jr., State Bar No. 135311
tbienert@bmkattorneys.com
Ariana Seldman Hawbecker, State Bar No. 190506
ahawbecker@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Tel: (949) 369-3700/Fax: (949) 369-3701

Reuben A. Guttman (*admitted pro hac vice*)
rguttman@gbblegal.com
Traci L. Buschner (*admitted pro hac vice*)
tbuschner@gbblegal.com
Justin S. Brooks (*admitted pro hac vice*)
jbrooks@gbblegal.com
Dan Guttman (*admitted pro hac vice*)
diguttman@aol.com
GUTTMAN, BUSCHNER & BROOKS PLLC
1625 Massachusetts Ave., NW, Suite 500
Washington, DC 20036
Tel: (202) 800-3001/Fax: (202) 827-0041

Richard A. Harpootlian (*admitted pro hac vice*)
rah@harpootlianlaw.com
Christopher P. Kenney (*admitted pro hac vice*)
cpk@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Post Office Box 1090 (29201)
Columbia, South Carolina 29202
Tel: (803) 252-4848/Fax: (803) 252-4810

For the reasons set forth herein and in the accompanying Memorandum of Points and Authorities, Declaration of Brian D. Hershman and exhibits thereto, Celgene respectfully urges the Court to issue an order excluding testimony or evidence related to a previously undisclosed damages theory, including the expert testimony of Dr. Hay on five newly-identified government programs.

Dated: October 6, 2015   JONES DAY / SIDLEY AUSTIN LLP

By /s/ *Brian D. Hershman*
   Brian D. Hershman

Attorneys for Defendant
CELGENE CORPORATION

## MEMORANDUM OF POINTS AND AUTHORITIES

Relator Beverly Brown ("Relator") filed the expert report of Dr. Joel W. Hay ("Hay Expert Report") on September 25, 2015, for the first time disclosing Relator's damages calculations. *See* Declaration of Brian D. Hershman ("Hershman Decl.") at ¶2; Ex. A. The Hay Expert Report purports to attribute damages to five categories of government programs or payors that have never been disclosed or even alluded to thus far in this litigation: (1) the Indian Health Service; (2) 340B Clinics; (3) the federal Children's Health Insurance Plan ("CHIP"); (4) the state counterpart to CHIP; and (5) the State Correction Inmates Program. The damages calculated for these five payors amounts to more than ▉▉▉▉▉, and with Relator's allegation of treble damages, amount to a total of more than ▉▉▉▉▉ in damages.

Although Relator submitted her initial Disclosure Statement to the government in April 2010, and filed her initial complaint in this action on April 27, 2010, *this is the first time Relator has ever alleged false claims in connection with these programs.* Indeed, Relator has never before even mentioned these programs—not in her Disclosure Statement to the government, the initial complaint filed in April 2010, the operative Third Amended Complaint, discovery responses, briefing, or Relator's deposition in this case. Celgene has repeatedly attempted to ascertain Relator's theory of the case through discovery requests and meet and confer letters, including seeking to identify which government entities or programs Relator alleges were harmed. Despite having more than five years to investigate her claims, Relator has failed to disclose her basic theories and skirted discovery obligations. Relator's very first mention of these five programs (and their contribution of ▉▉▉▉▉ in damages) came only *after* the close of third-party discovery and just weeks before the deadline for rebuttal expert reports. This delinquent disclosure significantly prejudices Celgene as it is left with no recourse to investigate and rebut these damages. Accordingly, Celgene seeks to exclude

testimony and evidence related to these programs, including those portions of the Hay Expert Report that refer to these programs.[2]

## I. ARGUMENT

### A. Background

Relator filed her initial complaint on April 27, 2010. [Dkt. 1.] Nowhere in that complaint are the following programs mentioned—the Indian Health Service, 340B Clinics, the federal or state Children's Health Insurance Plans, or the State Correction Inmates Program. Before filing the complaint, Relator submitted a Disclosure Statement to the government detailing her knowledge and allegations of facts supporting her claims, as well as documents supporting those allegations. *See* Hershman Decl., Ex. B. Although the Disclosure Statement referred repeatedly to Medicare, Medicaid, the Veterans Administration ("VA"), and TRICARE (*see e.g.*, pp. 36-40), Relator nowhere mentioned the programs her expert now seeks to include in his damages calculations—namely, the Indian Health Service, 340B Clinics, the federal and state Children's Health Insurance Plans, and the State Correction Inmates Program. *Id.*

Almost four years after her initial complaint, on February 5, 2014, Relator filed the operative complaint in this case, the Third Amended Complaint ("TAC") [Dkt. 72], without reference to the expert's new theories. The TAC, like the initial complaint and government Disclosure Statement, refers to numerous other government programs and entities that Relator alleges were damaged by Celgene's conduct. These include multiple references to Medicare (*e.g.*, ¶¶18, 250-252, and 265), Medicaid (*e.g.*, ¶18, 250, 265), state Medicaid programs (*e.g.*, ¶¶275, 288, 295, 299, 304, 309, 314, 320, 325, 329, 336, 340, 346, 352, 356, 362, 368, 372, 378, 382, 388, 392, 396, 402, 408, 412, 418, 422, 428), TRICARE (*e.g.*, ¶¶38, 253-56);

---

[2] In the event this Court declines to exclude such testimony, Celgene intends to file an *ex parte* application before the Hon. George H. King to modify the scheduling order to permit discovery into the five additional programs identified for the first time in the Hay Expert Report.

the VA (*e.g.*, ¶39), and the Federal Employees Health Benefits Program ("FEHBP") (*e.g.*, ¶40), all of which are government programs or entities identified in the Hay Expert Report and also used by Dr. Hay in the damages calculation. Again, there is no mention of the Indian Health Service, 340B Clinics, the federal or state Children's Health Insurance Plans, or the State Correction Inmates Program,[3] despite specific discovery requests that would have called for this information.[4]

In Relator's Rule 26(a)(1) Initial Disclosures, served on September 19, 2014, Relator identifies "[c]ertain current and former employees, contractors and agents of … the Centers for Medicare and Medicaid Services (CMS), Medicaid programs, TRICARE, the VA, the Federal Employees Health Benefits Program, and state employee health plans" as likely to have discoverable information relating to Relator's claims, and provides the address of various federal and state entities. *See* Hershman Decl., Ex. C at pp. 8-19. Nowhere does Relator refer to the Indian Health Service, 340B Clinics, the federal or state Children's Health Insurance Plans, or the State Correction Inmates Program, much less any allegations of improper claims. Nor did Relator mention these programs when she served Amended Initial Disclosures on August 7, 2015. *See* Hershman Decl., Ex. D at p. 11.

Similarly, Relator's discovery responses, like her complaint and Initial Disclosures, refer to Medicare, Medicaid, TRICARE, and the VA, but fail to ever mention the five newly-identified programs in the Hay Expert Report. For example,

---

[3] Relator's generic references to "other health care programs" in the TAC (*see, e.g.*, TAC ¶71) are likewise inadequate notice, as Celgene had no opportunity to seek discovery from these unidentified entities.

[4] For example, Interrogatory No. 7 in Celgene's Second Set of Interrogatories asked Relator to state whether she contends that any claim for reimbursement for Thalomid® or Revlimid® submitted to a government-funded healthcare program was false because it contained a false certification, asking Relator to specifically "[i]dentify the claim by patient, ***government-funded healthcare program***, date of claim, the drug prescribed, the use for which the drug was prescribed, and amount requested and paid." Hershman Decl., Ex. F (emphasis added). Relator failed to identify these new programs in the response. *Id.* ("Specifically, through off-label promotion, Celgene caused prescribers to submit claims for payment that were not reimbursable under Medicare and Medicaid regulations and paid kickbacks to induce the prescription of drugs.").

in response to Interrogatory No. 3, Relator states: "the statutory provisions cited in the Interrogatory do not address the false claims that Celgene caused to be submitted to TRICARE, the VA, and federal and state government employee health care plans." *See* Hershman Decl., Ex. E.

Nor has Relator ever identified these additional programs in briefing in connection with Celgene's motion to dismiss, motions to compel, her deposition, or in meet and confer correspondence or discussions.[5] Celgene has repeatedly attempted to ascertain Relator's theories of liability without success. For example, on September 9, 2015, Celgene sent a meet and confer letter to Relator regarding deficiencies in Relator's Responses to Celgene's Second Set of Interrogatories and Requests for Admission. *See* Hershman Decl., Ex. G ("As currently drafted, Relator's discovery responses fail to answer basic questions regarding Relator's theories of liability and facts supporting her claims. Celgene is entitled to this information and, if Relator does not provide it, Celgene reserves its right to seek any appropriate relief including by moving to bar Relator from relying on certain evidence or theories of liability not included in her discovery responses."). In short, the newly identified government programs in the Hay Expert Report came as an unsupported and complete surprise to Celgene, at a time when it has no opportunity to conduct discovery to investigate these claims or to adequately identify an expert to rebut Relator's allegations under the circumstances.

Had Relator disclosed these government programs as part of her theory of the case in her complaint or at any point in this litigation, Celgene would have diligently conducted discovery like it did in relation to the other entities and programs Relator identified. Moreover, had Relator disclosed these other programs, Celgene would have had the opportunity to provide this Court with evidence and

---

[5] Relator does not allege, nor has Relator come forward with any evidence, suggesting that Celgene field representatives had any contact with doctors connected to any of these newly-identified programs. Relator's expert offers no theory as to how Celgene allegedly caused the submission of false claims under these circumstances.

1  expert reports challenging Relator's theories as it has with the allegations raised by
2  Relator throughout the last four years.[6]  For example, Celgene issued dozens of
3  subpoenas to various state Medicaid agencies to produce documents, as well as
4  other state and federal agencies, coordinating document productions and taking
5  third-party depositions to investigate Relator's allegations.  Hershman Decl. at ¶9.
6  At this time, Celgene is left with no recourse to challenge certain portions of the
7  Hay Expert Report and Relator's new damages theory with less than three weeks
8  before the deadline for rebuttal expert reports and without the ability to conduct
9  additional discovery.

**B. The Court Should Exclude Certain Expert Testimony of Dr. Hay**

The Court should exclude testimony and evidence related to a previously undisclosed damages theory, including five newly-identified programs, specifically: (1) the Indian Health Service; (2) 340B Clinics; (3) CHIP; (4) the state counterpart to CHIP; and (5) the State Correction Inmates Program, including the amount of damages attributed to those programs.  These five programs were mentioned for the first time in the Hay Expert Report, and constitute an alleged ▬▬▬▬▬ in damages.  The Court should exclude this testimony and preclude Relator from relying on this new theory and calculation of damages.

The Ninth Circuit has held that allowing plaintiffs to proceed on a new legal theory after the close of discovery prejudices the defense and should not be permitted.  *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292 (9th Cir. 2000). "A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations." *Id.*  Based on this reasoning, district courts in this Circuit have excluded new legal

---

[6] The Hay Expert Report does not calculate damages based on *actual* Revlimid® or Thalomid® prescriptions submitted in connection with the newly-identified programs. Rather, the Hay Expert Report simply *assumes* (1) patients of these programs suffered from cancer; (2) doctors prescribed Thalomid® and Revlimid® off-label for these theoretical patients; and (3) Celgene caused the doctors to do so.  *See* Hershman Decl., Ex. A at pp. 154, 156, 167, 170.

5                              MEMORANDUM OF POINTS AND
                                AUTHORITIES ISO *EX PARTE* APPL.

theories or evidence at the summary judgment stage or at trial.  For example, in *Confederated Tribes & Bands of the Yakama Nation v. Gregoire*, 680 F. Supp. 2d 1258 (E.D. Wash. 2010), defendants moved to strike a "new legal theory, arguing that it was not disclosed in Plaintiffs' Complaint, during discovery, or even in Plaintiffs' own motion for summary judgment," and noting that they "have not had an opportunity to conduct the discovery necessary to dispute (or admit) the facts on which this new legal theory relies." *Id.* at 1269.  The district court agreed with defendants and granted the motion to strike, noting that "Plaintiffs' argument relies on facts that Defendants, at this stage of the litigation, are unable to challenge." *Id.*

In *Cambridge Electronics Corp. v. MGA Electronics, Inc.*, 227 F.R.D. 313 (C.D. Cal. 2004), "defendants propounded several interrogatories asking plaintiff to explain the theories of liability underlying its claims for relief, and the evidence it had gathered in support of those claims." *Id.* at 321.  The court found plaintiff's interrogatory answers inadequate, and considered whether to exclude certain evidence or legal theories not disclosed in its interrogatory responses under Rule 37.  "Excluding evidence at trial as a sanction for failure to disclose under Rule 26(e)(2) in a timely fashion is automatic and mandatory unless the party can show the violation is either justified or harmless." *Id.* at 321 (internal citations and quotation marks omitted).  The court explained that "[l]earning of plaintiff's liability theories only after they had filed their motion for summary judgment placed defendants at a distinct disadvantage and constituted unfair surprise.… Had plaintiff disclosed this [evidence] during discovery, defendants could have investigated the information, and perhaps deposed Palma.  Plaintiff did not, however, and defendants have no way to rebut or explain the evidence at this point." *Id.* at 324.  The court therefore imposed the Rule 37 sanction, excluding evidence and granting summary judgment for defendants as a result.

Similarly, here, while Relator's complaint discloses Medicare, Medicaid, the VA, the Federal Employees Health Benefits Program ("FEHBP"), state employee

benefits program, and TRICARE, it nowhere mentions the five additional programs identified for the first time in the Hay Expert Report.  Relator also failed to disclose the additional programs at every additional opportunity after the filing of the complaint—in the initial disclosures, multiple rounds of discovery responses, and Relator's own deposition.  The five newly-identified programs amount to an alleged ███████ in damages.  "The lack of notice on this issue central to the cause of action makes it difficult, if not impossible, for [Celgene] to know how to defend itself."  *Coleman*, 232 F.3d at 1292.  With third-party fact discovery already closed and the deadline for rebuttal reports fast approaching, Celgene is left without recourse to conduct discovery to properly challenge or rebut these allegations.  The Court has authority to and should exclude such evidence under these circumstances.

### C. Celgene Is Entitled to *Ex Parte* Relief

*Ex parte* motions are strictly for extraordinary relief.  *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490-93 (C.D. Cal. 1995).  Extraordinary relief is needed to address Relator's disclosure of new theories of damages calculations after the close of third-party fact discovery.  The deadline for rebuttal expert reports is less than three weeks away, leaving Celgene no meaningful time to investigate and evaluate the new theories and to appropriately designate an expert to rebut Relator's damages calculations.  Furthermore, because third-party fact discovery is now closed, Celgene has no means to subpoena the newly disclosed entities or programs to investigate the merits of Relator's damages calculations.  Given the circumstances, Celgene now has no choice but to seek emergency relief from the Court.

Celgene meets the *ex parte* motion requirements of *Mission Power*.  883 F. Supp. at 392.  To justify *ex parte* relief, a party must satisfy a two-pronged test: "First, the evidence must show that [Celgene's] cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.  Second, it must be established that [Celgene] is without fault in creating the crisis

that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id.*

Celgene satisfies both prongs under *Mission Power*. First, Celgene will be irreparably prejudiced if Relator is permitted to offer evidence and expert testimony on damages calculations involving government third parties Relator has never before disclosed. Celgene had absolutely no notice of Relator's intended reliance on these government programs throughout the last four years, and thus had no opportunity to conduct discovery as it has with other government programs Relator identified in her complaint and discovery responses. With the rebuttal expert deadline and the closing of expert discovery imminently approaching, Celgene cannot afford to wait for over a month for the regularly noticed motion procedures, when the harm is clearly immediate.

With regard to the second *Mission Power* prong, Celgene is not at fault in creating the situation warranting *ex parte* relief. To the contrary, Celgene attempted to ascertain Relator's theories of liability through discovery and meet and confer efforts, yet Relator has never once identified the government programs mentioned in the Hay Expert Report. Had Relator disclosed these sooner, Celgene would have diligently conducted discovery like it has of other government entities Relator identified to date. The Court's immediate intervention is the only option to address Relator's delinquent conduct.

In sum, Celgene is unable to resolve this issue without requiring the Court's intervention. Once the Court's intervention became necessary, Celgene moved quickly to address this situation, bringing this *ex parte* application in advance of the deadline for expert rebuttal reports and the close of expert discovery.

## II. CONCLUSION

For the foregoing reasons, the Court should grant Celgene's *ex parte* application.

Dated: October 6, 2015                JONES DAY / SIDLEY AUSTIN LLP


By /s/ *Brian D. Hershman*
    Brian D. Hershman

Attorneys for Defendant
CELGENE CORPORATION

Case 2:10-cv-03165-RGK-SS   Document 240   Filed 10/06/15   Page 15 of 15   Page ID #:6106

**PROOF OF SERVICE BY E-MAIL**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071.2300. On October 6, 2015, I served a copy of the within document(s):

**DEFENDANT'S *EX PARTE* APPLICATION TO EXCLUDE TESTIMONY AND EVIDENCE RELATED TO PREVIOUSLY UNDISCLOSED DAMAGES THEORY; MEMORANDUM OF POINTS AND AUTHORITIES**

by e-mailing a copy thereof to the following individual(s) at the following e-mail addresses:

Thomas H. Bienert, Jr.
Bienert, Miller & Katzman, PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Email: tbienert@bmkattorneys.com

Reuben A. Guttman, Esq.
Guttman, Buschner & Brooks PLLC
1625 Massachusetts Avenue, N.W.,
Suite 500
Washington, D.C. 20006
Email: RGuttman@gbblegal.com

Richard A. Harpootlian, Esq.
Richard A. Harpootlian, P.A.
1410 Laurel Street
P.O. Box 1090 (29201)
Columbia, SC 29202
Email: rah@harpootlianlaw.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 6, 2015, at Los Angeles, California.

_____
Larry Sublett

PROOF OF SERVICE