Karen P. Hewitt (State Bar Number 145309)
kphewitt@jonesday.com
Brian D. Hershman (State Bar Number 168175)
bhershman@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071.2300
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Kimberly A. Dunne (State Bar Number 142721)
kdunne@sidley.com
Michelle B. Goodman (State Bar Number 218607)
mgoodman@sidley.com
Sean A. Commons (State Bar Number 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Defendant
CELGENE CORPORATION
(*Additional Counsel listed on following page*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, WASHINGTON, WISCONSIN, the DISTRICT OF COLUMBIA, and the CITY OF CHICAGO,<br>Plaintiffs,<br>*Ex rel.*<br>BEVERLY BROWN,<br>Plaintiff-Relator,<br>v. | Case No. 10-cv-03165 GHK (SSx)<br>Assigned to: Hon. George H. King<br>**STIPULATED PROTECTIVE ORDER FOR PRODUCTION BY NON-PARTY KAISER PERMANENTE** |

| | |
|---|---|
| 1 | CELGENE CORPORATION, |
| 2 | Defendant. |

*Additional Counsel*

Toni-Ann Citera (admitted *pro hac vice*)
tcitera@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

# STIPULATED PROTECTIVE ORDER FOR PRODUCTION BY NON-PARTY KAISER PERMANENTE

The parties file this Stipulated Protective Order to preserve the confidentiality of protected health information (PHI) and financial, commercial, and trade secret information that may be produced in discovery in this action. The parties agree that a protective order concerning such information is necessary to protect the confidentiality and integrity of the information, and to prevent injury (including without limitation financial and competitive injury) that the producing party or the person who is the subject of the information might incur from public disclosure. The good cause basis for this Protective Order is set forth more fully in Paragraph 2. The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored Protective Order, it is therefore hereby ORDERED:

1. **Definitions.** As used in this Protective Order,

   a) "Commercially Sensitive information" means information that the Producing Non-Party believes would result in competitive, commercial, or financial harm, including pricing information, sales reports, sales margins, and contracts or agreements between pharmaceutical companies and pharmacy benefit managers.

   b) "Conclusion" means the end time for any records retention requirement and statute of limitations applicable to a party or a party's counsel.

   c) "Covered Entity or Entities" means "covered entity" as defined in 45 C.F.R. §160.103.

   d) "Discovery Material" is intended to be comprehensive and includes any and all Kaiser Permanente produced materials, including documents, information, electronically-stored information (ESI) and tangible things in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, and shall include all written, oral, recorded, electronic, or graphic material, however produced or reproduced, including, but not limited to all written or printed matter of

any kind, computer data of any kind, graphic or manual records or representations of any kind, and electronic, mechanical, or electric records furnished in the course of discovery under this Order by the signatories to this Order, and other persons or entities subject to this Order, including deposition testimony and exhibits thereto, answers to interrogatories, and responses to other discovery requests and subpoenas issued under this Order.

e) "Litigation" means the above-captioned case as well as all related appellate proceedings.

f) "Parties" means Relator and Defendant in this action.

g) "Producing Non-Party" means non-party Kaiser Permanente or any Kaiser Permanente contractor or agent of Kaiser Permanente that produces Discovery Material pursuant to this Order.

h) "Proprietary Information" means trade secret or other confidential research, development, or commercial information entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G).

i) "Protected Health Information" or "PHI" means "protected health information" as defined in 45 C.F.R. § 160.103.

j) "Service Providers" means any court reporter service, videographer service, translation service, photocopy service, document management service, records management service, graphics service, or other such litigation service designated by a party or a party's legal counsel in this case.

2. **Good Cause Statement**

Fed. R. Civ. P. 26(c) requires parties to show good cause for the entry of a protective order by the Court. "[R]estraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Foltz v. State Farm Mutual Automobile Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). As a result, "[w]hile courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties

stipulate to such an order." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011); *Foltz*, 331 F.3d at 1131 (noting a district court need not require a good cause showing for discovery documents not filed with the court "given the onerous burden document review entails"). In order to establish good cause for this protective order, to protect the public interest, and to allow for future judicial review or public challenges, the parties stipulate to the following facts, and the following principles are the basis upon which documents and information in this action may be determined to be subject to this protective order.

Because this case involves pharmaceuticals, medical records pertaining to the prescription and use of the drugs at issue are relevant. Many such records include patient identifying information and are protected from disclosure by the physician-patient privilege, HIPAA, or other applicable law. *See, e.g.*, 45 C.F.R. § 164.512(e)(1)(ii)(B) (requiring protective order prior to disclosure of protected health information in response to discovery requests absent individual notice to individuals); Cal. Civ. Code §§ 56 *et seq.*; Cal. Code Civ. Proc. § 1985.3(a)(1).

The production of the documents governed by this Order also involves information submitted to governmental and/or regulatory agencies that is exempt from public disclosure, *see, e.g.,* 5 U.S.C. § 552(b)(4), (6), (7)(A), (7)(B), (7)(C), as well as information that the Designating Party is under a duty to preserve as confidential under an agreement with or other obligation of another person. *See, e.g., Deckers Outdoor Corp. v. JLJ Footwear, Inc.*, 2:14-cv-00202-SVW-SS (C.D. Cal. 2014), Dkt. No. 23, pg. 2 (approving protective order applicable to "[i]nformation that the Party is under a duty to preserve as confidential under an agreement with or other obligation to another Person").

Good cause exists because, if such information was produced without a protective order in place, then, among other things: third parties' privacy rights protected under Constitutional, statutory, and common law principles could be

violated; third parties could be exposed to embarrassment, theft, fraud, or harassment; the Producing Non-Party could be accused of breaching a statutory, contractual, or common law duty to protect private and/or proprietary information from public disclosure and thereby irreparably injure the Producing Non-Party. Accordingly, to expedite the flow of information but also adequately protect Confidential Information, a protective order is justified. It is the intent of the Producing Non-Party and the parties to this action that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause to protect it.

3. **Scope.**

This Order shall be applicable to and govern all documents, things and information produced, furnished or created during the course of this Action, by Producing Non-Party Kaiser Permanente or any Kaiser Permanente contractor or agent of Kaiser Permanente. As set forth more fully in Paragraph 30, it does not apply to other entities or individuals. The information protected includes, but is not limited to: materials and information produced in response to requests for production of documents; answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition testimony, exhibits, transcripts, and videotapes; all other discovery, pleadings, briefs, memoranda, affidavits, transcripts; and other materials furnished by or on behalf of any party to this Action. Any summary, analysis, description, compilation, notes, excerpt, copy, electronic image or database containing Confidential Information shall be subject to the terms of this Order to the same extent as the material or information from which such summary, analysis, description, compilation, notes, excerpt, copy, electronic image, or database is made or derived.

Nothing in this Order is intended to conflict with the applicable Local Rules. Insofar as anything in this Order could be interpreted as conflicting with the

applicable Local Rules, the Local Rules will govern. Any use of Confidential Information during a court hearing or at trial shall be governed by the orders of the presiding judge.

4. **CONFIDENTIAL Information.**

Information designated as "CONFIDENTIAL" pursuant to this Order (hereinafter "CONFIDENTIAL Information") means Discovery Material that contains PHI, that would be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, and/or 45 C.F.R. Part 5b in the hands of Kaiser Permanente, and/or that contains Proprietary Information or Commercially Sensitive Information.

5. **Designation of Material as CONFIDENTIAL.**

Upon producing Discovery Material to the parties pursuant to a subpoena or other lawful process, the Producing Non-Party should designate the Discovery Material as "CONFIDENTIAL." The Producing Non-Party shall, if practical, designate "CONFIDENTIAL" on every page of the Discovery Material in the same manner in which every page is Bates stamped. If not practical to designate "CONFIDENTIAL" on the Discovery Material, then the Producing Non-Party shall designate the Discovery Material as "CONFIDENTIAL" in correspondence or in some other manner reasonably giving notice of the designation, including (but not limited to) affixing a label marked "CONFIDENTIAL" on the cover of or surface of any electronic media. It is practical to designate "CONFIDENTIAL" on every page of the Discovery Material if it is produced with a Bates stamp on every page. It is not practical to designate "CONFIDENTIAL" on every page of the Discovery Material if it is a spreadsheet or presentation file produced in native format (*e.g.*, Microsoft Excel, PowerPoint, or Access).

6. **Access to CONFIDENTIAL Information.**

As needed to pursue the Litigation, and subject to Paragraph 7, the Parties shall permit only the following persons to have access to CONFIDENTIAL Information:

a) The Parties' outside legal counsel and their employees and agents;

b) The Parties' in-house legal counsel, employees and agents;

c) Any court reporter service, videographer service, translation service, photocopy service, document management service, records management service, graphics service, or other such litigation Service Providers ("Service Providers"), designated by a party or a party's legal counsel in this case;

d) The Parties' experts and consultants and their employees and agents;

e) Individuals who any party or party's legal counsel interviews or deposes;

f) The Court and court-related personnel; and

g) Such other persons if this Court so orders.

7. Except for the Court or court-related personnel, the Parties shall ensure that each individual designated in Paragraph 6 who reviews or is given access to Discovery Materials reads, agrees to, and signs a copy of the attached Acknowledgement of Protective Order (Exhibit A). Entry of this Order by the Court will constitute Acknowledgement by the Parties and their legal counsel. Where an entity is designated in Paragraph 6, an officer or manager of the entity may sign the Acknowledgement of Protective Order on behalf of the entire entity. Each party's legal counsel shall maintain the copy of the Acknowledgement of Protective Order as signed by each individual or entity designated in Paragraph 6 and shall permit the opposing party's legal counsel and Kaiser Permanente to inspect said copy or copies upon request. Individual and entities designated in Paragraph 6 who do not sign the attached Acknowledgement of Protective Order shall not be given access to Discovery Materials.

8. **Destruction of CONFIDENTIAL Information at the Conclusion of**

**the Case.** No later than 90 days following the Conclusion of the Litigation, the Parties and the individuals and entities designated in Paragraph 6 shall destroy all CONFIDENTIAL Information (including all copies made). All counsel of record shall certify compliance on behalf of themselves, the parties they represent, and the parties' employees and agents (including, but not limited to, the individuals and entities designated in Paragraph 6, as applicable) and shall deliver this certification to Kaiser Permanente not more than sixty (60) days after the Conclusion of the Litigation.

9. **Use of CONFIDENTIAL Information in Documents Filed with the Court.** In the event any party wishes to use CONFIDENTIAL Information in any affidavits, briefs, memoranda, exhibits, motions, or other papers filed in Court in this action, such party shall take appropriate steps to safeguard CONFIDENTIAL Information, consistent with Local Rule 79-5 and all other applicable Local Rules. Where the papers to be filed contain CONFIDENTIAL Information not pertinent to the issue before the Court, the parties should redact such CONFIDENTIAL Information. Where the filing party wishes the Court to review the CONFIDENTIAL Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such CONFIDENTIAL Information, the filing party must apply to file such Information under seal pursuant to Local Rules 79-5.2 and 79-5.3. The parties will use their best efforts to minimize such sealing and only seek to file information under seal when truly necessary.

10. **Terms Specific to Protected Health Information (PHI).** Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of compliance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the parties' legal counsel in this case, the employees and agents of each party, and all non-party Covered Entities are expressly and specifically authorized to use or disclose PHI in accordance with this order to:

   a) respond to Interrogatories, Requests for Admission, or Requests for

Production of Documents, including electronically stored information (ESI), served pursuant to the Federal Rules of Civil Procedure in this case seeking PHI;

b) request interviews or depositions and interview, depose, or respond in interviews or depositions in which PHI might be disclosed;

c) prepare briefs and other materials for the Court so long as such materials are treated in accordance with this Protective Order; and

d) disclose PHI to a party's expert regardless of whether the expert is a consulting or testifying expert.

11. Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of HIPAA compliance, a witness, a records custodian, an expert, or a Covered Entity of any type, is expressly and specifically authorized to use or to disclose to the Parties' legal counsel in this case and the employees and agents of each party and each party's legal counsel in this case, the PHI that is responsive to deposition questions or a valid subpoena *duces tecum.*

12. Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of HIPAA compliance, any person or entity authorized or ordered to use or disclose PHI pursuant to the terms of this Order is expressly and specifically authorized to do so with, to, or before any Service Providers designated by a party or a party's legal counsel in this case. The protections of this Order shall be imposed on Service Providers as a condition of any Service Provider's receipt of PHI. Each party or the party's legal counsel is charged with obtaining advance consent of such Service Provider to comply with this Paragraph. Upon such consent, the Service Provider will be deemed to have voluntarily submitted to this Court's jurisdiction during the pendency of this case for purposes of enforcement of this paragraph, including but not limited to the imposition of such sanctions as may be appropriate for any noncompliance.

13. The intent of this Protective Order is to authorize the use and disclosure

of PHI in accordance with 45 C.F.R. § 164.512(e) and the terms of this Protective Order. To the extent that the uses and disclosures of PHI authorized under this Protective Order may be permitted under other provisions of the HIPAA Privacy Rule, such uses and disclosures shall be made pursuant to and in accordance with 45 C.F.R. § 164.512(e). This paragraph shall not apply to uses and disclosures of PHI that are not authorized under this Protective

14. **Terms Specific to Proprietary Information and Commercially Sensitive Information.** For Discovery Materials containing Proprietary Information or Commercially Sensitive Information designated as CONFIDENTIAL, the Producing Non-Party's production of CONFIDENTIAL Information in this case shall not be construed as waiving or diminishing the Producing Non-Party's interests in and rights to the confidentiality of Proprietary Information or Commercially Sensitive Information, unless otherwise ordered by the Court.

15. Discovery Material shall not be disclosed or used by any party or any individual or entity designated in Paragraph 6 for any purpose other than the Litigation.

16. All CONFIDENTIAL Information produced, transmitted or otherwise received electronically must be maintained in a reasonably secure manner and guarded against re-disclosure for the life of the record.

17. **Challenges to Confidentiality Designation.** If a Party in the case disagrees with the confidentiality designation by the Producing Non-Party, then the matter shall be addressed pursuant to Local Rule 37. Pending a determination by the Court, such information shall be treated as Confidential in accordance with this order.

18. **Inadvertent production by the Producing Non-Party.** If at any time prior to the trial of this action, the Producing Non-Party realizes that:

    a) (1) some portion(s) of Discovery Material was produced without

a designation of CONFIDENTIAL, the Producing Non-Party may add either designation to those Discovery Materials without limitation by apprising the parties in writing of such designation. Such Discovery Material will thereafter be treated as CONFIDENTIAL Information under the terms of this Order; (2) Any failure of the Producing Non-Party to designate Discovery Material as CONFIDENTIAL shall not constitute a waiver of any claim of privilege or work product protection with respect to the Discovery Material.

        b) (1) Discovery Materials subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information") were inadvertently produced, the Producing Non-Party will be entitled to "clawback" this Inadvertently Disclosed Information and to have all copies of it either returned to the Producing Non-Party or destroyed. If the Producing Non-Party seeks to clawback Inadvertently Disclosed Information, it is entitled to do so, regardless of the Producing Non-Party's diligence in initially attempting to prevent such an inadvertent disclosure. To the extent possible, the Producing Non-Party will clawback only the portions of Discovery Materials containing information subject to a claim of attorney-client privilege or attorney work product protection; (2) Any Inadvertent Disclosure by the Producing Non-Party shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information itself and/or its subject matter with respect to this litigation or in any other federal, state, or local proceeding, regardless of the Producing Non-Party's diligence in initially attempting to prevent such disclosure; (3) If the Producing Non-Party makes a claim of inadvertent disclosure, the Parties shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed; (4) Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the

Producing Non-Party shall produce a privilege log with respect to the Inadvertently Disclosed Information; (5) After compliance with the Central District of California's Local Rule 37, the Parties ask the Court to compel production of the Inadvertently Disclosed Information. Consistent with C.D. Cal. L.R. 37-2, 37.2.1, and 37.2.2, the Producing Non-Party and the Parties shall address any issues in dispute regarding Inadvertently Disclosed Information by filing a written joint stipulation containing all issues in dispute. The parties to this action shall not oppose the filing of this joint stipulation under seal and instead shall endeavor to file the document under seal pursuant to the procedures set forth in Local Rule 79-5.1, 79-5.2 and 79-5.3. The joint stipulation shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production; (6) The Producing Non-Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information contained in Discovery Materials; (7) Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

19. **Inadvertent production or re-disclosure by a party or an individual or entity designated in Paragraph 6.** If a party or an individual or entity designated in Paragraph 6 (the "Responsible Party") produces or discloses Discovery Material designated as CONFIDENTIAL Information to a person or entity not authorized to receive such disclosure under this Order, such Responsible Party shall, upon becoming aware of such disclosure, immediately inform the Producing Non-Party. The Responsible Party also shall take all reasonable measures to cure the improper disclosure and to promptly ensure that no further or greater unauthorized disclosure of the Discovery Material designated as CONFIDENTIAL Information.

20. **Miscellaneous Provisions.** Any and all Medicare Part D Prescription Drug Event (PDE) data produced by the Producing Non-Party in this action shall constitute Confidential Information (depending on which data fields are included or

excluded) as that term is used throughout this Protective Order.

21. Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes Kaiser Permanente to release Privacy Act protected information covered by this Order, without the consent of the subject individual.

22. The production of any Discovery Material by Kaiser Permanente in the course of this action, pursuant to and in compliance with the terms of this Protective Order, which might otherwise be prohibited by the Trade Secrets Act, 18 U.S.C. § 1905, shall constitute a disclosure "authorized by law" under the terms of the Act.

23. Should any party bound by this Order receive a subpoena, civil investigative demand, or other process from a third party seeking, requesting, or requiring disclosure of Discovery Materials produced in this litigation designated as Confidential Information, such person shall give notice to Kaiser Permanente so that Kaiser Permanente may seek appropriate relief, if any. Notice shall be made by the sooner date of (a) ten (10) days from the date the party received the request for production or (b) seven (7) days prior to the deadline for responding to the request for production, and shall be in writing.

24. Notwithstanding any provisions of this Protective Order to the contrary, in accordance with any applicable Federal, State, or local laws that afford heightened protection to certain categories of confidential health information, including but not limited to, records or diagnosis or treatment for alcohol or substance abuse, certain sexually transmitted diseases such as HIV/AIDS, mental health, and research pertaining to genetic testing, the party in receipt of such information shall comply with the applicable Federal, State, or local law that affords heightened protection to such information.

25. Nothing in this Order shall affect the rights of the parties, producing parties, or third-parties to object to discovery on grounds other than those related to the protection of Confidential Information, nor shall it preclude any party or third-

party from seeking further relief or protective orders from this Court as may be appropriate under the Local Rules and Federal Rules of Civil Procedure.

26. Any person requiring further protection of Confidential Information may petition this Court for a separate order governing the disclosure of its information.

27. The provisions of this Protective Order shall survive the conclusion of this action. To the fullest extent permissible by law and the Court, the parties to this Action and the Producing Non-Party intend that the Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt therefore.

28. This Protective Order does not dictate the use of Confidential Information designated information by a party at trial. The parties and Producing Non-Party intend that such use shall be determined by appropriate order of the Court.

29. This Protective Order may be amended for good cause shown.

30. The terms of this Protective Order shall apply to all Confidential Discovery materials produced by Non-Party Kaiser Permanente in this litigation, including material already produced to date. The parties agree to be bound by the terms of this Protective Order upon executing their signatures and before approval from the Judge.

31. This Protective Order for Production by Non-Party Kaiser Permanente is intended solely to supplement the existing Protective Order in the case (Dkt No. 161). It governs only Discovery Materials produced by the Producing Non-Party as defined in this Protective Order. The production of all other discovery material shall be governed by the existing Protective Order (Dkt. No. 161).

**IT IS SO STIPULATED**

| | | |
|---|---|---|
| Dated: | October 22, 2015 | JONES DAY / SIDLEY AUSTIN LLP |

By: /s/ Brian D. Hershman
Brian D. Hershman

Attorneys for Defendant
CELGENE CORPORATION

| | | |
|---|---|---|
| Dated: | October __22, 2015 | GUTTMAN, BUSCHNER & BROOKS PLLC |

By: s/ Justin S. Brooks
Reuben A. Guttman
Traci L. Buschner
Justin S. Brooks

RICHARD A. HARPOOTLIAN, PA
Richard A. Harpootlian
Christopher P. Kenney

BIENERT, MILLER & KATZMAN, PLC
Thomas H. Bienert, Jr.
Ariana Seldman Hawbecker

Attorneys for Plaintiff-Relator
BEVERLY BROWN

| | | |
|---|---|---|
| Dated: | October 22, 2015 | KAISER PERMANENTE |

By: /s/ Brian S. Lee
Brian S. Lee

Attorneys for Producing Non-Party Kaiser Permanente

| | | |
|---|---|---|
| Dated: | October 29, 2015 | /S/ |

Hon. Suzanne H. Segal
Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, WASHINGTON, WISCONSIN, the DISTRICT OF COLUMBIA, and the CITY OF CHICAGO,<br><br>     Plaintiffs,<br>     *Ex rel.*<br><br>BEVERLY BROWN,<br><br>     Plaintiff-Relator,<br><br>v.<br><br>CELGENE CORPORATION,<br><br>     Defendant. | Case No. 10-cv-03165 GHK (SSx) |

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER FOR EXPERT, CONSULTANT, OR EMPLOYEE OF ANY PARTY**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," as defined in the Stipulated Confidential Order entered in the above-captioned action ("Confidential Order"), is being provided to me pursuant to the terms and restrictions of the Confidential Order.

I have been given a copy of and have read the Confidential Order.

I am familiar with the terms of the Confidential Order and I agree to comply with and

to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Confidential Order.

I agree not to use any Confidential Information disclosed to me pursuant to the Confidential Order except as allowed under the Confidential Order and not to disclose any of this information to persons other than those specifically authorized by the Confidential Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Confidential Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody (or the custody of my counsel) until the completion of my assigned duties in this matter, whereupon I shall (i) destroy or return to counsel who provided me with such all originals of documents and materials produced and designated as Confidential Information and all identical copies, whether in whole or in part, of such documents, and (ii) destroy all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss or quote materials produced and designated as Confidential Information, except that, with respect to word processing and database tapes and disks, I shall destroy or erase such tapes or disks to the extent practicable.

_____
*Signature*

_____
*Name and Title*