Thomas H. Bienert, Jr., State Bar No. 135311
tbienert@bmkattorneys.com
Ariana Seldman Hawbecker, State Bar No. 190506
ahawbecker@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Tel: (949) 369-3700/Fax: (949) 369-3701

Reuben A. Guttman *(admitted pro hac vice)*
rguttman@gbblegal.com
Traci L. Buschner *(admitted pro hac vice)*
tbuschner@gbblegal.com
Justin S. Brooks *(admitted pro hac vice)*
jbrooks@gbblegal.com
Dan Guttman *(admitted pro hac vice)*
diguttman@aol.com
GUTTMAN, BUSCHNER & BROOKS PLLC
2000 P. Street N.W., Suite 300
Washington, DC 20036
Tel: (202) 800-3001/Fax: (202) 827-0041

Richard A. Harpootlian (*admitted pro hac vice*)
rah@harpootlianlaw.com
Christopher P. Kenney (*admitted pro hac vice*)
cpk@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Post Office Box 1090 (29201)
Columbia, South Carolina 29202
Tel: (803) 252-4848/Fax: (803) 252-4810

Nancy Gertner (*admitted pro hac vice*)
ngertner@law.harvard.edu
Langdell 328
1525 Massachusetts Ave.
Cambridge, Massachusetts 02138
Tel: (617) 851-3812

Attorneys for Plaintiff - Relator
BEVERLY BROWN

1

RELATOR'S APPLICATION FOR LEAVE TO FILE DOCUMENTS DESIGNATED BY
DEFENDANT CELGENE AS CONFIDENTIAL UNDER SEAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, WASHINGTON, WISCONSIN, the DISTRICT OF COLUMBIA, and the CITY OF CHICAGO,<br><br>Plaintiffs,<br>*Ex rel.*<br><br>BEVERLY BROWN,<br><br>Plaintiff-Relator,<br>v.<br><br>CELGENE CORPORATION,<br><br>Defendant. | Case No. 10-cv-03165 GHK (SSx)<br>Assigned to the Honorable George H. King<br><br>**RELATOR'S APPLICATION FOR LEAVE TO FILE DOCUMENTS DESIGNATED BY DEFENDANT CELGENE AS CONFIDENTIAL UNDER SEAL PURSUANT TO L.R. 79-5.2.2(b); DECLARATION OF JUSTIN BROOKS IN SUPPORT**<br><br>Third-Party Fact Discovery: closed<br>Rebuttal Expert Deadline: October 25, 2015<br>Expert Discovery Cutoff: November 20, 2015<br>Pretrial Conf. Date: Not set<br>Trial Date: Not set |

## APPLICATION TO FILE UNDER SEAL PURSUANT TO L.R. 79-5.2.2(b)
## DECLARATION OF JUSTIN S. BROOKS

I, JUSTIN S. BROOKS, declare as follows:

1. I am a partner at the law firm of Guttman Buschner & Brooks PLLC (the "Firm"), attorneys for Relator Beverly Brown (the "Relator"). I am a member in good standing with the State Bar of Pennsylvania and am admitted to practice *pro hac vice* in the Central District of California. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

### Relevant Background

2. On September 22, 2014, the Court entered a Stipulated Protective Order, which provides in relevant part that any party to the instant action "may designate information or documents produced in this Action as 'Confidential Information' if such party has the reasonable and good faith belief that such information is non-public and constitutes her, his, or its trade secret, other confidential information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or otherwise protected from public disclosure." Dkt. No. 161, pp. 4:26-5:2.

3. It is Relator's contention that, throughout these proceedings, Defendant Celgene has designated as "confidential" documents not entitled to such a designation. Relator has accordingly met and conferred with Defendant regarding certain documents that she believes should be de-designated. Despite numerous communications, both written and telephonic, the parties have not reached a resolution.

4. Having reached an impasse, Relator prepared and forwarded a joint stipulation pursuant to L.R. 37-1 regarding the dispute and Celgene, in turn, completed its portion of the joint stipulation. Additionally, Celgene redacted portions of the joint stipulation, accompanying exhibits, and other relevant documents that Relator seeks to submit to the Court in connection with the joint stipulation. In some instances, Celgene seeks to

completely seal certain documents that Relator seeks to submit to the Court in connection with the joint stipulation.

5. Relator disagrees with most of Celgene's redactions and confidentiality designations as they relate to the joint stipulation, except redactions limited to identifying information regarding patients and items truly subject to confidentiality pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Nevertheless, Relator files this application for leave to file under seal in order to file the joint stipulation, exhibits, and other accompanying documents under seal and/or in redacted form pursuant to Celgene's designations.

6. Relator further contends that Celgene continues to abuse the process and mislead physicians and patients by: (1) redacting verbatim language in the documents at issue and then mischaracterizing their contents in its portion of the joint stipulation; (2) submitting reports from hired medical experts over which it previously asserted confidentiality without redactions and without providing subsequent deposition of these experts that contradicts the statements made; and (3) submitting public declarations from Celgene employees that is contradicted by their deposition testimony that is not subject of this motion and over which Celgene continues to assert confidentiality.

### Application to Seal

7. Relator hereby files this Application for Leave to File Documents Designated by Defendant as Confidential Under Seal Pursuant to L.R. 79-5.2.2(b) (the "Application"). The list of items sought to be filed in redacted form and under seal are as follows:

    a. Portions of the Joint Stipulation Regarding Motion to De-Designate Certain Confidential Discovery and Strike Paragraph 5 of the Protective Order (the "Joint Stipulation") designated as confidential by Defendant: 13:14-15; 17:14-18, 26-27; 18:18, 20, 23-25; 19:19-23; 21:25-27; 23:4-9, 11-13; 25:16, 20, 22; 26:1-2, 4, 21, 24-25, 27; 28:21-27; 29:1-12, 15-22; 30:1-3, 5-16, 23-26; 31:1-12; 48:20-27; 52:25-26; 53:1-12.

      b.    Portions of the Declaration of Charles L. Bennett in Support of the Motion and accompanying exhibits to his declaration, designated as confidential by Defendant: 10:3-4; 14:20-21; 15:5-9; 16:19-20, 24-27; 17:12-17; 18:14-17, 27-28; 19:18-23, 25; 20:1-2; 21:9-10, 24-25; 22:3-10, 22-23, 25-26, 28; 26:7-23, 25-26; 27:1-8, 10-21; 28:4-10, 12-15.  Exhibits that Defendant seeks to submit completely under seal include Exhibits 11, 12, 16, 21, 22, 23, 24, 25, 26, 30, 32, 33, 39, 40, 41, 42, 43, and 44.  Exhibits that Defendant seeks to redact include Exhibits 1, 2, 3, 4, 6, 8, 13, and 29.

      c.    Exhibits and portions of exhibits accompanying the Declaration of Brian D. Hershman in Opposition to Relator's Motion designated as confidential by Defendant.  Exhibits that Defendant seeks to redact include Exhibits A, B, F, BB, FF, and NN.

8.    Prior to filing the Application, the parties attempted to resolve these designation issues through a series of met and confer communications, both written and telephonic.  Although the parties reached an agreement as to certain issues, they did not resolve many others and have a fundamental disagreement regarding the propriety of many of Defendant's designations.  This disagreement and the parties' respective positions is detailed at length in the Joint Stipulation itself.

9.    To be clear, Relator does not believe that most of the foregoing documents should be filed under seal or in redacted form (except as they relate to identifying information for patients or otherwise truly deserving of confidentiality pursuant Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure), but nevertheless submits this Application for approval pursuant to L.R. 79-5-2.2(b) based on Defendant's designations.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 17, 2016, at Philadelphia, PA

                                */s/Justin S. Brooks*

# CERTIFICATE OF SERVICE

I, Michele Ueda, declare,

That I am a citizen of the United States and am a resident or employed in Orange County, California; that my business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673; that I am over the age of 18 and not a party to the above-entitled action.

That I am employed by a member of the United States District Court for the Central District of California and at whose direction I caused service of: **RELATOR'S APPLICATION FOR LEAVE TO FILE DOCUMENTS DESIGNATED BY DEFENDANT CELGENE AS CONFIDENTIAL UNDER SEAL PURSUANT TO L.R. 79-5.2.2(B); DECLARATION OF JUSTIN BROOKS IN SUPPORT** on the interested parties as follows:

**X   BY ELECTRONIC MAIL:** by electronically filing the foregoing with the Clerk of the District Court using its ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies said parties in this case:

| | | |
|---|---|---|
| Brian Hershman<br>bhershman@jonesday.com | Michelle B. Goodman<br>mgoodman@sidley.com | Kimberly A Dunne<br>kdunne@sidley.com |
| Sean A Commons<br>scommons@sidley.com | Toni-Ann Citera<br>tcitera@jonesday.com | Karen Hewitt<br>kphewitt@jonesday.com |
| jdelmedico@JonesDay.com | Howard F. Daniels<br>howard.daniels@usdoj.gov | Jay Edward Smith<br>js@gslaw.org |

This certificate was executed on February 17, 2016 at San Clemente, California.

I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Michele Ueda /s/*
Michele Ueda

299860-1