Kimberly A. Dunne (SBN 142721)
kdunne@sidley.com
Michelle B. Goodman (SBN 218607)
mgoodman@sidley.com
Sean A. Commons (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
Brian D. Hershman (SBN 168175)
Bhershman@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
Attorneys for Defendant Celgene Corporation
(*Additional Counsel listed on following page*)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

UNITED STATES OF AMERICA, the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, WASHINGTON, WISCONSIN, the DISTRICT OF COLUMBIA, and the CITY OF CHICAGO,

Plaintiffs,

*Ex rel.*

BEVERLY BROWN,

Plaintiff-Relator,

v.

CELGENE CORPORATION,

Defendant.

Case No. 10-cv-03165 GHK (SSx)

Assigned to: Hon. George H. King

**RESPONSE TO RELATOR'S APPLICATION FOR LEAVE TO FILE DISCOVERY MATERIAL DESIGNATED BY DEFENDANT CELGENE AS CONFIDENTIAL UNDER SEAL PURSUANT TO L.R. 79-5.2.2(b)**

James C. Stansel (admitted *pro hac vice*)
jstansel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Toni-Ann Citera (admitted *pro hac vice*)
tcitera@jonesday.com
Heidi A. Wendel (admitted *pro hac vice*)
hwendel@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Defendant Celgene Corporation ("Celgene") files this response to Relator's Application for Leave to File Certain Exhibits Under Seal. On February 16, 2016, the parties filed a Joint Stipulation Regarding Relator's Notice Of Motion And Motion To De-Designate Certain Confidential Discovery And Strike Paragraph 5 Of The Protective Order. (Dkt. 269-1). As part of the Joint Stipulation, Celgene submitted the Declaration of Tom Cavanaugh, the General Manager of Hematology Oncology at Celgene, to support its assertion that "good cause" existed to seal certain confidential exhibits and deposition testimony filed in connection with the Joint Stipulation. On February 23, 2016, the Court granted the motion to seal the exhibits and testimony. (Dkt. 274).

Also on February 23, 2016, Relator filed her Supplemental Authority in Support of Her Motion regarding the Protective Order (the "Supplemental Motion"), which included three additional exhibits not previously relied upon by Relator in the Joint Stipulation. Specifically, Exhibits A and C to the Supplemental Motion include excerpts from the depositions of John Freeman and Dr. Paul Richardson. Exhibit B is the entire deposition transcript for Dr. William Bensinger, one of Celgene's retained experts. Relator submitted Exhibits A, B, and C under seal and submitted an Application for Leave to File the documents under seal.

Pursuant to Local Rule 79-5-2.2(b), Relator was required to meet and confer with Celgene *before* submitting the documents under seal, to determine if Celgene would stipulate to the filing of the exhibits publicly. Relator did not do so. Had Relator complied with the Local Rules, Celgene could have notified Relator that the excerpts from the depositions of Mr. Freeman and Dr. Richardson (Exhibits A and C) did not need to be filed under seal. Celgene has no objection to Exhibits A and C being filed publicly.

With respect to Exhibit B (the deposition of Dr. Bensinger), Relator filed the *entire transcript* of the deposition rather than simply filing the *excerpts* that Relator actually cited and relied upon in her Supplemental Motion. Pursuant to the Local

Rules, Relator should have only submitted those portions of the deposition that are cited in the Supplemental Motion (i.e. pp. 20-27, 99-100, 107-115, 124-125, and 127). *See* C.D. Cal. Local Rules, L.R. 7-6 ("Evidence on Motions. Factual contentions involved in any motion and opposition to motions shall be presented, heard, and determined upon declarations and other written evidence (including documents, photographs, *deposition excerpts*, etc.) alone, except that the Court may, in its discretion, require or allow oral examination of any declarant or any other witness.") (emphasis added). Had Relator done so (and met and conferred as required), Relator would have determined that Celgene had no objection to the excerpts being publicly filed.

After receiving the Supplement Motion, Celgene contacted Relator's counsel in an attempt to meet and confer with respect to the under seal filing. Celgene proposed that Relator withdraw its submission of the *entire* deposition transcript, and only submit the excerpts cited in the Supplemental Motion, which would avoid the need for an under seal filing. Relator rejected Celgene's proposal, and instead insisted that the entire deposition transcript should be filed.

Accordingly, Celgene requests that the Court order either: (1) the deposition transcript of Dr. William Bensinger, filed as Exhibit B to Plaintiff's Supplemental Motion, be re-filed publicly with only those excerpts upon which Plaintiff relies in her brief; ***or*** (2) the following portions of the deposition of Dr. William Bensinger be redacted and sealed: 54:14-20, 55:3-9, 134:24-135:8, 135:24-136:3, 138:8-23, and 140:8-141:11. As shown in the concurrently filed declaration of Thomas Cavanaugh, there is "good cause" for filing those portions of the deposition transcript under seal: Pages 54 and 55 quote from a confidential business strategy document of Celgene, and pages 134, 135, 138, 140, and 141 detail the treatment of specific patients and choices made with respect to the patients' care. As a result,

//

the confidentiality of these few pages should be maintained. Celgene does not object to Exhibits A and C being filed publicly.

Dated: February 29, 2016

JONES DAY / SIDLEY AUSTIN LLP

By /s/ *Brian D. Hershman*
Brian D. Hershman

Attorneys for Defendant
CELGENE CORPORATION