Thomas H. Bienert, Jr., State Bar No. 135311
tbienert@bmkattorneys.com
Ariana Seldman Hawbecker, State Bar No. 190506
ahawbecker@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Tel: (949) 369-3700/Fax: (949) 369-3701

Reuben A. Guttman *(admitted pro hac vice)*
rguttman@gbblegal.com
Traci L. Buschner *(admitted pro hac vice)*
tbuschner@gbblegal.com
Justin S. Brooks *(admitted pro hac vice)*
jbrooks@gbblegal.com
Dan Guttman *(admitted pro hac vice)*
diguttman@aol.com
GUTTMAN, BUSCHNER & BROOKS PLLC
1625 Massachusetts Ave., NW, Suite 500
Washington, DC 20036
Tel: (202) 800-3001/Fax: (202) 827-0041

Richard A. Harpootlian (*admitted pro hac vice*)
rah@harpootlianlaw.com
Christopher P. Kenney (*admitted pro hac vice*)
cpk@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Post Office Box 1090 (29201)
Columbia, South Carolina 29202
Tel: (803) 252-4848/Fax: (803) 252-4810

Nancy Gertner (*admitted pro hac vice*)
ngertner@law.harvard.edu
Langdell 328
1525 Massachusetts Ave.
Cambridge, Massachusetts 02138
Tel: (617) 851-3812

Attorneys for Plaintiff - Relator
BEVERLY BROWN

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, WASHINGTON, WISCONSIN, the DISTRICT OF COLUMBIA, and the CITY OF CHICAGO,

Plaintiffs,
*Ex rel.*

BEVERLY BROWN,

Plaintiff-Relator,

v.

CELGENE CORPORATION,

Defendant.

Case No. 10-cv-03165 GHK (SSx)

**RELATOR'S REPLY TO CELGENE'S RESPONSE TO APPLICATION FOR LEAVE TO FILE DISCOVERY MATERIAL DESIGNATED BY DEFENDANT CELGENE AS CONFIDENTIAL UNDER SEAL PURSUANT TO L.R. 79-5.2.2(B)**

Date: March 8, 2016
Time: 10:00 AM
Place: Courtroom 590, 255 East Temple St.
Los Angeles, CA
Judge: Hon. Suzanne H. Segal

Third-Party Fact Discovery: closed
Expert Discovery Cutoff: Not Set
Pretrial Conf. Date: Not set
Trial Date: Not set

Celgene's "Response to Relator's Application for Leave to File Discovery Material Designated by Defendants Celgene as Confidential Under Seal Pursuant to L.R. 79-5.2.2(b)" [Dkt. 276] highlights the need for the Court need to intervene to both allow public access to the critical information revealed in discovery and put an end to Celgene's protective order abuse.

Celgene makes two arguments in its Response. First, it contends that Relator acted improperly because it filed excerpts of the Depositions of John Freeman and Dr. Paul Richardson – both of which Celgene had designated as Confidential in their entirety – under seal. While Relator has no objection to filing these excerpts publicly as Celgene now requests, this is yet another instance in which Celgene applied a blanket confidentiality designation to material that it apparently never actually believed warranted such a designation. This is, of course, the same thing it did with at least 15 of the 33 documents at issue in Relator's underlying Motion to De-Designate Certain Confidential Discovery and Strike Paragraph 5 of the Protective Order.[1]

Thus, rather than making good faith determinations *before* it designated documents and testimony as confidential, Celgene simply designated every document and virtually every deposition transcript as "Confidential," without regard for the propriety of those designations. And now Celgene has the temerity to criticize Relator for actually honoring those designations by filing the materials under seal. This illustrates why Court intervention is necessary.

Celgene's second argument is that it, and not Relator, should get to dictate what exhibits are used to support Relator's filings. Specifically, Celgene complains that Relator attached the entire transcript of the deposition of Celgene compendia expert – retained for this case – and long-time Celgene-paid "Key Opinion Leader", investigator, and promotional speaker Dr. William Bensinger. Notably, Celgene does not and cannot contend

[1] The truth is that it did this with every document, but Relator only raised a fraction of Celgene's abuses with the Court.

that this violated the Protective Order, and indeed the Bensinger transcript was the only one of its expert depositions Celgene did not designate as confidential.[2]

Instead, Celgene complains that including the entire transcript was a violation of the Local Rules. But it points to no rule prohibiting the submission of an entire deposition transcript, and this happens all the time in cases. In any event, Relator had good reason to file the entire transcript. Although Relator only referenced portions of the transcript in its limited, 5-page Supplemental Authorities brief, she anticipates relying on additional portions during the hearing on this matter.

The Bensinger deposition includes testimony regarding multiple issues that are central to Relator's motion, including for instance, (a) the nature of Celgene's relationships with highly paid promotional speakers (Bensinger Dep. at 27:13-30:21); (b) Dr. Bensinger's participation in Celgene advisory boards and work for Celgene on clinical trials (*id.* at 38:13-42:3, 47:1-23) and nonetheless drafting guidelines on off-label uses of Celgene drugs as previously discussed; (c) Celgene's failure to explain the nature of its relationship with ghost writer Excerpta Medica and Excerpta Medica's messaging and marketing role, authority and mission to Dr. Bensinger and similar putative authors (*id.* at 53:5-58:13); (d) evidence that Dr. Bensinger and others receiving significant sums of money from Celgene have lobbied against confidentiality policies Relator alleges he violated (*id.* at 128:7-130:9); (e) evidence that Dr. Bensinger never disclosed the large sums of money he received from Celgene to patients to whom he prescribed Celgene drugs and believes there is no reason to (*id.* at 133:6-134:600; (f) Dr. Bensinger's statements that it is unlikely he would treat a patient with first line CLL with Revlimid given what the FDA said on the package insert about the dangers (*id.* at 177:2-18); and (g) Dr. Bensinger's inability to remember a single case where he consulted the compendia to determine what drugs to prescribe (*id.* at 178:10-

---

[2] Celgene's attempt to suppress the Bensinger deposition "after-the-fact" strongly suggests that it intended to wrongfully designate the entire deposition Confidential as it did with other depositions and made a mistake in failing to so designate. But in an abundance of caution, Relator redacted the portions of the Bensinger transcript in which exhibits that Celgene had designated as Confidential were directly discussed.

14). Dr. Bensinger's testimony both supports Relator's interpretation of the documents and highlights physicians' need for them. Relator provided the Court with the entire transcript to ensure this and other potentially relevant testimony would be in the record and available to Court in considering Relator's motion.

As for Celgene's alternative relief – to redact additional portions of the Bensinger transcript – Celgene has not shown that additional portions contain sensitive or proprietary information that warrants redaction.[3]

Dated: March 1, 2016

**BIENERT, MILLER & KATZMAN, PLC**

By: <u>*/s/ Thomas H. Bienert, Jr. /s/*</u>
Thomas H. Bienert, Jr.
Ariana Seldman Hawbecker

Reuben A. Guttman *(admitted pro hac vice)*
Traci L. Buschner *(admitted pro hac vice)*
Justin S. Brooks (*admitted pro hac vice)*
**GUTTMAN, BUSCHNER & BROOKS PLLC**

Richard A. Harpootlian (*admitted pro hac vice*)
Christopher P. Kenney (*admitted pro hac vice*)
**RICHARD A. HARPOOTLIAN, PA**

Nancy Gertner (*admitted pro hac vice*)

*Attorneys for Plaintiff-Relator*
*BEVERLY BROWN*

[3] Relator's existing redactions were made out an abundance of caution, and Relator does not believe that information is Confidential either.

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On March 1, 2016, I served the foregoing document described as **RELATOR'S REPLY TO CELGENE'S RESPONSE TO APPLICATION FOR LEAVE TO FILE DISCOVERY MATERIAL DESIGNATED BY DEFENDANT CELGENE AS CONFIDENTIAL UNDER SEAL PURSUANT TO L.R. 79-5.2.2(B)on** all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as stated on the attached service list:

[X] **BY MAIL -** I deposited such envelope in the mail at San Clemente, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Clemente, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

[ ] **BY PERSONAL SERVICE -** I caused such envelope to be delivered by a process server employed by Name of process service company .

[ ] **VIA FACSIMILE-** I faxed said document, to the office(s) of the addressee(s) shown above at their stated facsimile numbers, and the transmission was reported as complete and without error.

[X] **BY ELECTRONIC TRANSMISSION -** I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

[ ] **BY OVERNIGHT DELIVERY -** I deposited such envelope for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by FedEx. They are deposited with a facility regularly maintained by FedEx for receipt on the same day in the ordinary course of business.

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 1, 2016 at San Clemente, California.

*/s/ Michele Ueda /s/*
Michele Ueda

## SERVICE LIST

Howard F Daniels
Office of the U.S. Attorney
300 N. Los Angles St.
Los Angeles, CA 90012

Michelle B Goodman
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA 90013

Kristin Graham Koehler
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005

Karen P Hewitt
Jones Day
12265 El Camino Real, Ste. 200
San Diego, CA 92130

Kimberly A Dunne
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA 90013

Sean A Commons
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA 90013

Toni-Ann Citera
Jones Day
222 East 41st Street
New York, NY 10017

Brian D Hershman
Jones Day
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071

302395-1