Karen P. Hewitt (State Bar No. 145309)
Brian D. Hershman (State Bar No. 168175)
bhershman@JonesDay.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071.2300
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539

Kimberly A. Dunne (State Bar No. 142721)
kdunne@sidley.com
Michelle B. Goodman (State Bar No. 218607)
mgoodman@sidley.com
Sean A. Commons (State Bar No. 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Defendant
CELGENE CORPORATION

(*Additional Counsel listed on following page*)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

UNITED STATES OF AMERICA, the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, WASHINGTON, WISCONSIN, the DISTRICT OF COLUMBIA, and the CITY OF CHICAGO ,

Plaintiffs,

*Ex rel.*

BEVERLY BROWN,

Case No. 10-cv-03165 GHK (SSx)

Assigned to the Honorable George H. King

[DISCOVERY MATTER]

**DEFENDANT'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS FILED IN CONNECTION WITH DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF DR. JOEL W. HAY**

[Declaration of Tom Cavanaugh and Proposed Order filed concurrently herewith]

Plaintiff -Relator,

v.

CELGENE CORPORATION,

Defendant.

Date: August 16, 2016
Time: 10:00 a.m.
Place: Courtroom 23 – 3rd Floor
Magistrate Judge: Suzanne Segal

Discovery cut-off: closed
Pretrial Conf. Date: [not set]
Trial Date: [not set]

*Additional Counsel*

Toni-Ann Citera (admitted *pro hac vice*)
tcitera@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

James C. Stansel (admitted *pro hac vice*)
jstansel@sidley.com
SIDLEY AUSTIN LLP
1501 K. St. NW
Washington, DC 20005
Telephone: (202) 736-8092
Facsimile: (202) 736-8711

Concurrent with this application, Defendant Celgene Corporation ("Celgene") is filing a Motion to Strike Portions of the Expert Report of Dr. Joel W. Hay (the "Motion to Strike"). Pursuant to Local Rule 79-5.2.2(a), Celgene, by and through its counsel of record, hereby applies for an order for leave to file under seal Exhibits D, I, K, and N to the Declaration of Brian D. Hershman ("Hershman Declaration") and Exhibits A, F, H, I, Y, DD, II, MM-OO, QQ-ZZ, BBB-NNN to the Declaration of Justin S. Brooks ("Brooks Declaration") in connection with the Motion to Strike.

## I. Procedural History

On February 16, 2016, Relator Beverly Brown ("Relator") filed a Motion to De-Designate Certain Confidential Discovery and Strike Paragraph 5 of the Protective Order. (Dkt. No. 265.) Relator sought to de-designate certain documents produced and designated "Confidential" by Celgene in this litigation. The documents included sensitive business information such as business and marketing plans, training materials, and physician payment data produced by third-party Envision. On March 14, 2016, this Court issued an order granting in part and denying in part Relator's motion. (Dkt. 282.) In its order, the Court noted that "Defendant's privacy interest in maintaining the confidentiality of its business operations and strategies outweighs the public's interest in these documents because the disclosure of the information could provide Defendant's competitors with an unfair advantage." (*Id.* at 24.) Accordingly, the Court denied Relator's motion to the extent that it sought de-designation of eighteen challenged documents. The Court granted Relator's motion only with respect to certain other documents that Celgene agreed to file publicly with redactions "contingent upon the Parties' agreement to the redaction of appropriate employee and physician names." (*Id.*)

This Application for Leave to File Documents under Seal raises similar, and in some cases identical issues, to those raised in the previous Motion to De-Designate. In particular, pursuant to the Local Rules, Celgene sent its portion of the

joint stipulation in support of its Motion to Strike to Relator on July 12, 2016. Celgene informed Relator it intended to file under seal certain exhibits in connection with the Motion – applying the same principles as utilized in the previous motion. On July 18, 2016, Celgene sent Relator the proposed redactions for the public filing and the information Celgene seeks to file under seal. On July 19, 2016, Relator indicated she opposes this application to seal, with the exception of the redaction of sales representative names and Humana claims data reflected in Exhibit I. On July 19, 2016, Relator's counsel also indicated that the Center for Medicare and Medicaid Services ("CMS") declined to take a position on the confidentiality of information contained in Dr. Hay's reports in advance of the filing of Celgene's Motion to Strike.

On July 19, 2016, at approximately 8:20 p.m., Relator sent her portion of the brief and supporting documents to Celgene's counsel. Relator's portion of the joint stipulation is supported by the Declaration of Justin S. Brooks, which attaches Exhibits A through NNN (66 exhibits total). A number of Relator's exhibits are documents that have been designated "Confidential" by Celgene pursuant to the Stipulated Protective Order entered into in this case (Dkt. 161), documents designated "Highly Confidential" by third-party Chronic Disease Fund ("CDF") and documents designated "Confidential" by third-party Patient Access Network Foundation ("PANF") pursuant to protective orders. The exhibits falling into these categories are the following:

- Celgene information designated confidential: Exhibits A, F, H, I, DD, II, MM, NN, OO, QQ-ZZ, and BBB-CCC;
- CDF information designated highly confidential: Exhibits Y, DDD-NNN;
- PANF information designated confidential: Exhibit PP.

On July 25, 2016, the same day as this filing, Relator also indicated that CDF seeks continued confidentiality protection for Exhibits Y and DDD-NNN. Relator

also indicated that PANF agrees that a redacted version of Exhibit PP can be filed in connection with the brief. Celgene therefore does not seek to file this redacted exhibit under seal.

By this application, Celgene seeks to seal information similar to that protected by the Court's March 14, 2016 order.

## II. Legal Standard

When evaluating motions to seal documents filed as part of the court's record, courts in the Ninth Circuit distinguish between dispositive and non-dispositive motions. *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Specifically, the Ninth Circuit has concluded that "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Id.* (quoting *Philips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180.

The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted). If the Court finds particularized harm will result from disclosure of information to the public, it balances the public and private interests in disclosure. *Id.*

## III. Argument

Sealing is justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *In re Elect. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon*, 435 U.S. 589, 598 (1978)). Courts in this Circuit often protect competitive business, commercial, technical or scientific information exchanged in discovery from disclosure to the public. *See, e.g., The Clearly Food & Beverage Co. v. Top Shelf*

*Beverages, Inc.*, 102 F. Supp. 3d 1154, 1178 (W.D. Wash. 2015) (protecting "confidential financial projections, marketing strategies, and business plans, all of which could be used against Clearly Food by competitors"); *Rich v. Hewlett - Packard Co.,* No. C 06-03361-JF (HRL), 2009 BL 268027, at * 2 (N.D. Cal. Dec. 12, 2009) (protecting "technical information regarding the functionality and design processes . . . internal communications concerning HP's marketing and disclosure strategies, and detailed descriptions of HP's internal structure and operations"). "Such information could provide competitors with specific guidance as to how to manufacture their own products more efficiently, without having to engage in the expensive research and development that Defendant has already done. The disclosure of such specific technical information, in other words, would enable competitors to 'leapfrog' Defendant's hard engineering work and unfairly reap the competitive rewards." *Velasco v. Chrysler Group LLC*, 2014 U.S. Dist. LEXIS 178699 (C.D. Cal. Dec. 30, 2014), *vacated and remanded on other grounds*, 809 F.3d 1092 (9th Cir. 2016).

Here, sealing is warranted because many of the documents at issue contain sensitive and proprietary information (including marketing strategies, business plans, training materials, prescription analysis data, and business relationships), which if disclosed would harm Celgene's competitive interests or third-party privacy interests. The information falls in the following categories:

**Prescription Analysis Data:** Celgene compiles confidential prescription data for its drugs, including Thalomid® and Revlimid®, which allows the company to tailor its research development, training, business, and marketing. Celgene produced its proprietary S.T.E.P.S.® and RevAssist® data to Relator in this litigation under the Protective Order. This sensitive prescription data has relevance to Celgene's current and future business operations. This information can provide an unfair advantage to competitors by providing insight into Celgene's internal operations and strategies. This data is part of the basis of Relator's expert's

analysis of damages. Accordingly, the prescription analysis data has been redacted in the following exhibits to the Hershman Declaration: Exhibit D (Expert Report of Dr. Joel W. Hay, dated April 22, 2016) at ¶¶ 87, 106-109 and p. 204; Exhibit I (Expert Report of Dr. Joel W. Hay, dated September 25, 2015) at ¶¶ 64, 66, 70, 97-99, and pp. 29, 154, 195-196. (Declaration of Tom Cavanaugh ["Cavanaugh Decl."] at ¶ 6.)

**Business and Marketing Plans:** Celgene's internal discussions and business and marketing plans reflect the allocation of resources, market and industry analysis, projections related to Celgene's products, potential marketing strategies, and analysis of competitor products that are relevant to current business operations. The strategies and principles outlined in detail in these documents still have relevance today. A competitor could appropriate these same strategies and shortcut the time and resources Celgene expended to develop these strategies. This Court's March 14, 2016 order protected analogous information. (Dkt. 282 at 24.) Accordingly, the sensitive business and marketing information has been redacted in the following exhibits to the Hershman Declaration: Exhibit D at ¶¶ 32, 34-35, 41-42, 58, 84 n.57, 99 n.69, 117 n.92; Exhibit I at ¶¶ 24, 26-27, 33-34, 50. (Cavanaugh Decl. at ¶ 7.) For the same reasons, the following exhibits to the Brooks Declaration contain sensitive business and marketing information and have been filed under seal: Exhibits H, I, DD, II, MM, RR-ZZ, BBB and CCC. In addition, sensitive business information has been redacted in the following exhibits to the Brooks Declaration: Exhibits NN and OO.

**Business Relationships:** Celgene has facilitated the production of financial data by third-party Envision covering the period from 2006 to 2014. Envision is also claiming confidentiality over this information. This compilation of data reflects the names of doctors and specific payment amounts for a period of eight years. If disclosed, this information may harm Celgene's competitive interests by revealing details about Celgene's business relationships and development strategy

for its products. Competitors may also gain an advantage by studying the patterns reflected in this data. This Court's March 14, 2016 order protected the same third-party Envision data. (Dkt. 282 at 24.) Accordingly, the names of physicians and payment data have been redacted in the following exhibits to the Hershman Declaration: Exhibit D at ¶¶ 106-114, 116-118 and pp. 176-188, 193-202, 204; Exhibit I at ¶¶ 93-94, 97-99 and pp. 47-48, 172-196; Exhibit N (Expert Supplemental Rebuttal Report of Dr. Iain Cockburn, dated June 3, 2016) at ¶¶ 132.1-132.3 . (Cavanaugh Decl. at ¶ 8.) In addition, physician names and payment information have been redacted in the following exhibits to the Brooks Declaration: Exhibit F.

Accordingly, good cause exists to seal the foregoing exhibits because Celgene would suffer particularized harm if the information was disclosed. (Cavanaugh Decl. ¶¶ 3-9.)

**Employee and Patient Privacy Interests:** In addition, to protect third-party privacy interest, the names of Celgene sales representatives (but not higher-level Celgene employees) have been redacted in the following exhibits: Exhibit D at ¶¶ 38, 53-54; Exhibit I at ¶¶ 30, 45-46. This Court has previously authorized the redaction of employee names. (Dkt. 282 at p. 24.) Relator does not oppose these redactions. In addition, for similar reasons, the phone numbers of patients and other patient information have been redacted in Exhibits A and QQ to the Brooks Declaration.

**Third-Party Productions:** Lastly, various third parties, including the Centers for Medicare and Medicaid Services ("CMS"), state Medicaid agencies, CDF, and PANF, have produced documents and information in this litigation in response to subpoenas. The documents and information have been produced subject to confidentiality protections, and in some cases pursuant to a protective order (*see, e.g.,* Dkt. 197 [Order approving CMS protective order]). To protect the interests of these third parties and to comply with the agreements governing such

third-party information, Celgene has redacted claims and payment data in the following exhibits: Exhibit D at ¶¶ 86, 89, 132 and pp. 6-11, 37, 40-52, 70-71, 190-191; Exhibit I at ¶¶ 67-69, 71-72, 74-79, 80, 82, 84-90 and pp. 5-6, 32, 33-39, 41-43, 154, 161-163, 165-166, 168-172; Exhibit K (Expert Report of Dr. Joel W. Hay, dated December 7, 2015) at pp. 1-4, 49; Exhibit N at pp. 151-154. In addition, for similar reasons, Celgene has filed the following exhibits to the Brooks Declaration under seal: Exhibit Y and DDD-NNN (CDF documents).

## IV. Conclusion

For the foregoing reasons, Celgene requests the Court grant the Application for Leave to File Under Seal and seal Exhibits D, I, K, and N to the Hershman Declaration, and Exhibits A, F, H, I, Y, DD, II, MM-OO, QQ-ZZ, BBB-NNN to Brooks Declaration.

Dated: July 25, 2016

JONES DAY / SIDLEY AUSTIN LLP

By: /s/ Brian D. Hershman
Brian D. Hershman

Attorneys for Defendant
CELGENE CORPORATION