**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES, et al., ex rel. BEVERLY BROWN,<br>Plaintiff-Relator,<br>v.<br>CELGENE CORPORATION,<br>Defendant. | Case No. CV 10-3165 GHK (SS)<br>**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S APPLICATION TO FILE UNDER SEAL DOCUMENTS FILED IN CONNECTION WITH DEFENDANT'S MOTION TO STRIKE PORTIONS OF EXPERT REPORT OF DR. JOEL W. HAY**<br>**(Dkt. No. 306)** |

**I.**

**INTRODUCTION**

On February 25, 2016, Defendant Celgene Corporation filed a Motion to Strike Portions of the Expert Report of Dr. Joel W. Hay. ("Motion," Dkt. No. 305). Simultaneously with the Motion, Defendant also filed the instant Application for Leave to File Under Seal Documents Filed in Connection with the Motion to Strike, ("Application" or "Appl."), including the Declaration of Tom Cavanaugh in support of the Application. ("Cavanaugh Decl.," Dkt. No. 306). Relator Beverly Brown filed an Opposition to the

Application on July 27, 2016. ("Opposition" or "Opp.," Dkt. No. 311). On August 2, 2016, Defendant filed a Reply. ("Reply," Dkt. No. 314). For the reasons stated below, Defendant's Application is GRANTED.

## II.

## FACTUAL BACKGROUND

Relator commenced this action in 2010 claiming violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., and the Medicare Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b). The operative Third Amended Complaint alleges that Defendant unlawfully marketed its drugs Thalomid and Revlimid to cancer patients and their physicians for unapproved purposes and paid kickbacks to physicians for prescribing the drugs off-label. (Dkt. No. 72, ¶¶ 3-18). On October 1, 2013, the District Judge ordered the complaint unsealed and served on Defendant, along with the government's Notice of Election to Decline Intervention. (Dkt. No. 59).

On September 19, 2014, before the production of any documents, the Parties filed a revised Stipulated Protective Order, (Dkt. No. 160, at 1-3), which the Court entered on September 22, 2014. ("Protective Order," Dkt. No. 161). Pursuant to the Protective Order, any party may designate information or documents as "Confidential Information" if the party:

> has the reasonable and good faith belief that such information is non-public and constitutes her, his, or its trade secret, other confidential information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or [is] otherwise protected from public disclosure. This includes but is not limited to confidential research, development, or commercial information (as those terms are used in Fed. R. Civ. P. 26(c)), and personal medical information, private personal information, employment information, health information, and tax returns.

(Id. at 4-5). However, the Protective Order also explicitly provides that the Order "does not govern the conditions under which Confidential Information can be used at pre-trial or trial proceedings" and shall not be construed as preventing a presiding judge from allowing or permitting Confidential Information to be disclosed at a pre-trial hearing, limiting the right of a party to object to evidence offered without advance notice at a pre-trial hearing, or as limiting a Designating Party's right to object to or seek a separate protective order to govern use of Confidential Information at a pre-trial hearing."

(Id. at 8-9).

\\

\\

\\

\\

## III.

## THE PARTIES' CONTENTIONS

The Application seeks an Order authorizing Defendant to file under seal Exhibits D, I, K, and N to the Declaration of Brian D. Hershman filed in support of the Motion. These four exhibits are copies of the three versions of the expert report of Relator's damages expert, Dr. Joel W. Hay, and the supplemental rebuttal report of Defendant's economics expert, Dr. Iain Cockburn. (Appl. at 3). Defendant filed redacted versions of these four Exhibits with the Motion, but seeks authorization to file the unredacted versions under seal.

The Application also seeks an Order authorizing the redaction or filing under seal of thirty-two of the sixty-six exhibits attached to the Declaration of Justin S. Brooks filed in opposition to the Motion, i.e., Exhibits A, F, H, I, Y, DD, II, MM-OO, QQ-ZZ, and BBB-NNN. (Id.). These Exhibits consist of initial disclosures, deposition testimony, and documents produced by Defendant, (Exhs. A, F, H, I, DD, II, MM, NN, OO, QQ-ZZ, and BBB-CCC) and documents produced by third-party Chronic Disease Fund ("CDF," Exhs. Y, DDD-NNN).[1] (Id.). Five of these Exhibits were

[1] Relator does not object to the filing under seal of documents produced by CDF, i.e., Exhibits Y, DDD-NNN. (Opp. at 5). Additionally, Relator does not object to the filing of a redacted document produced by third party Patient Access Network Foundation ("PANF," Exh. PP), which is not at issue in the Application. (Opp. at 5). Accordingly, Defendant's Application concerning third party documents attached to the Brooks Declaration as Y and DDD-NNN is GRANTED and will not be addressed further in this Order.

filed in redacted form: Exhibits A (Defendant's initial disclosures); F, NN and OO (deposition excerpts); and QQ (email chain by Defendant's employees). Defendant does not seek permission to file these five redacted Exhibits under seal. Instead, Defendant seeks permission to file them as redacted. Defendant seeks authorization to file under seal all of the remaining Brooks Exhibits at issue in the Application. (See Proposed Order, Dkt. No. 306-3).

According to Celgene, the Exhibits it seeks to file under seal contain information consisting of or concerning: (1) confidential analyses of prescription data (Hershman Decl. Exhs. D, I); (2) Defendant's business and marketing plans, including internal discussions and plans reflecting "the allocation of resources, market and industry analysis, projections related to [Defendant's] products, potential marketing strategies, and analysis of competitor products that are relevant to current business operations" (Hershman Decl. Exhs. D, I; Brooks Decl. H, I, DD, II, MM-OO, RR-ZZ, BBB and CCC); (3) Defendant's business relations, including financial data by third-party Envision whose production Defendant facilitated, which reveals "the names of doctors and specific payment amounts for a period of eight years" (Hershman Decl. Exhs. D, I and N; Brooks Decl. Exh. F); and (4) employee and patient privacy interests, such as the names of Defendant's sales representatives and certain patient information. (Brooks Decl., Exhs. A and QQ). According to Defendant, "[s]ealing is justified to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive

standing.'" (Appl. at 5) (quoting In re Elect. Arts, Inc., 298 F. App'x 568, 569 (9th Cir. 2008)). Defendant submits the Declaration of Tom Cavanaugh, the General Manager of Hematology Oncology U.S. for Celgene Corporation, to support its showing of good cause. (Cavanaugh Decl. ¶ 1).

Relator contends that the vast majority of the information that Defendant seeks to file under seal should be public. According to Relator, because Defendant's Motion to Strike is "more than tangentially related" to the merits of this action, Defendant must show a "compelling reason," a higher standard than "good cause," to justify withholding information from the public. (Opp. at 3) (citing Center for Auto Safety v. Chrylser Grp. LLC, 809 F.3d 1092, 1098 (9th Cir. 2016), petition for cert. filed sub nom. FCA US LLC, aka Chrylser Group LLC v. Center for Auto Safety, U.S. S.Ct. Case No. 15-1211 (Mar. 29, 2016)). According to Relator, "[u]nder the 'compelling reasons' standard, no sealing of [Defendant's] own documents is warranted, and no redactions are warranted except the names of sales representatives." (Opp. at 4). Relator also argues that the information that Defendant seeks to protect "does not implicate trade secrets and much of it is stale." (Id.).

However, Relator does not object to redactions and sealing "with respect to PANF and CDF" and to redactions of damages calculations based on government payors other than Medicare and the Veteran's Administration.[2] (Id. at 5). Relator argues that

[2] Although Defendant categorically states that Relator "consents to the redaction of damages calculations based on Humana data,"

the "Veterans' Administration calculations are based on publicly available data rather than data obtained through discovery," and notes that CMS has not requested that damages estimates based on its data be redacted. (Id.). Relator contends that "there is no reason to believe damages numbers divulge any underlying protected health information or anything else the Protective Order was designed to address." (Id.).

In its Reply, Defendant maintains that the instant Motion "is unrelated to the merits of the case," and therefore the "good cause" standard applies. (Reply at 1) (quoting Center for Auto Safety, 809 F.3d at 1097). According to Defendant, the case law cited by Relator is inapposite because the underlying motions in those cases for a preliminary injunction and class certification were clearly "more than tangentially related" to the merits of the action. (Reply at 2) (citing Center for Auto Safety, 809 F.3d at 1; Cohen v. Trump, 2016 WL 3036302 (S.D. Cal. May 27, 2016)). Furthermore, Defendant notes that the court in Finjan Inc. v. Proofpoint Inc., 2016 U.S. Dist. LEXIS 18567 (N.D. Cal. Feb. 9, 2016), also relied on by Relator, actually granted the parties' respective applications to seal on the grounds that Plaintiff's requests to seal were "narrowly tailored" and Defendants "would suffer significant competitive harm if [the] information were disclosed." Id. at *4-*5.

---

Relator's Opposition does not address Humana by name. (See Reply at 2). Humana served as "a Medicare intermediary" and Dr. Hay relied on its data in his original Report. (Motion at 2). However, it appears that Relator's contention that CMS data should not be protected from disclosure was aimed at data produced directly by CMS.

**IV.**

**DISCUSSION**

**A. Standard**

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978)). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. See Kamakana, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." Id. (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard," which means the party must "articulate[] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure[.]" Kamakana, 447 F.3d at 1178 (quoting Foltz, 331 F.3d at 1135). The Ninth Circuit has applied the lesser "good cause" showing from Federal Rule of Civil Procedure 26(c) in some circumstances, such as when a party seeks to seal materials filed in connection with certain discovery motions. See Kamakana, 447 F.3d at 1179-80.

What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." Nixon, 435 U.S. at 599. The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret." Kamakana, 447 F.3d at 1179. Generally, "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Id. (quoting Nixon, 435 U.S. at 598).

The "good cause" standard requires a particularized showing that "specific prejudice or harm will result" if the information is disclosed. Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002). Courts routinely protect sensitive business and proprietary information under the good cause standard in discovery motions where disclosure would put the producing party at a competitive disadvantage. See, e.g., Serono Labs., Inc. v. Shalala, 35 F. Supp. 2d 1, 2 (D. D.C. 1999) ("In a field as competitive and technical as the pharmaceutical industry, success or failure will turn in large measure on innovation and the members of the industry justifiably hoard their trade secrets as jealously as a miser hoards his gold."); Andrx Pharm., LLC v. GlaxoSmith Kline, 236 F.R.D. 583, 586 (S.D. Fla. 2006) ("Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the discloser

of scientific information.") (internal quotation marks and citation omitted).

Historically, courts within the Ninth Circuit have considered whether a motion is dispositive or non-dispositive when determining whether to apply the "compelling reasons" standard or the lesser "good cause" standard. See Kamakana, 447 F.3d at 1179; see also Center for Auto Safety, 809 F.3d at 1097. However, the Ninth Circuit has recently clarified that its use of the terms "dispositive" and "non-dispositive" was not intended "to morph into mechanical classifications," and did not "contemplate[] that the right of public access would be limited solely to literally dispositive motions." Id. at 1098. The court explained that instead, "these descriptive terms are [merely] indicative of when a certain test should apply," but should not end the court's analysis as to whether documents may be sealed. Id. Because some technically "non-dispositive" motions may hinge on the presentation of substantial evidence in which the public has a presumptive interest, "public access will turn on whether the motion is more than tangentially related to the merits of the case." Id. at 1099 ("While many technically nondispositive motions will fail [the "more than tangentially related to the merits"] test, some will pass").

**B. Discussion**

Defendant's underlying Motion to Strike Portions of Dr. Hay's Supplemental Report is not only "non-dispositive," but it is also

not "more than tangentially related to the merits" to Relator's claims or Defendant's defenses. Accordingly, the instant Application is subject to the "good cause" standard. The Motion to Strike largely turns on one very straightforward question: whether certain issues addressed in Dr. Hay's Supplemental Report -- but not in his original Report -- fall within the scope of the Court's Order permitting supplementation or are otherwise authorized under the Federal Rules. As such, in ruling on the Motion to Strike, the Court will not be required to discuss any aspect of the merits of Relator's action, or, as was the case in the "technically non-dispositive" preliminary injunction motion at issue in Center for Auto Safety, the likelihood of Relator's overall success on the merits. Center for Auto Safety, 809 F.3d at 1099. The Motion to Strike does not put at issue the substantive merits of any of Dr. Hay's opinions as expressed in his Supplemental Report, but merely the procedural question of whether the Court's prior order authorizing supplementation is broad enough to encompass them.

Defendant has shown good cause for keeping the information confidential at this stage of the litigation. The disclosure of Defendant's analyses of prescription data, business and marketing plans, and business relationships with Envision would, at this juncture, enable Defendant's competitors to profit from Defendant's private commercial information and possibly put Defendant at a competitive disadvantage. In addition, Relator has not shown why the public has any interest in private patient information or the names of Defendant's non-executive employees. This kind of

proprietary or private information is simply not dispositive of the specific questions at issue in the Motion to Strike and would not aid in the public's understanding of the matters to be decided. Accordingly, Defendant has adequately satisfied the good cause standard and may file the requested documents either as redacted (Brooks Decl. Exhibits A, F, NN, OO, QQ) or under seal (Hershman Decl. Exhibits D, I, K, & N; Brooks Decl. Exhibits H, I, Y, DD, II, MM, NN, OO, QQ, RR, SSS, TT, UU, VV, WW, XX, YY, ZZ, BBB, CCC, DDD, EEE, FFF, GGG, HHH, III, JJJ, KKK, LLL & NNN).

**V.**

**CONCLUSION**

For the foregoing reasons, Defendant's Application for Leave to File Under Seal Documents Filed in Connection with Defendant's Motion to Strike Portions of the Expert Report of Dr. Joel W. Hay is GRANTED. Defendant shall electronically file the above-referenced Exhibits under seal pursuant to Local Rule 79 within seven days of the date of this Order.

IT IS SO ORDERED.

DATED: August 23, 2016

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE