Thomas H. Bienert, Jr., State Bar No. 135311
tbienert@bmkattorneys.com
Michael R. Williams, State Bar No. 192222
mwilliams@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Tel: (949) 369-3700/Fax: (949) 369-3701

Reuben A. Guttman (admitted *pro hac vice*)
rguttman@gbblegal.com
Traci L. Buschner (admitted *pro hac vice*)
tbuschner@gbblegal.com
Justin S. Brooks (admitted *pro hac vice*)
jbrooks@gbblegal.com
Dan Guttman (admitted *pro hac vice*)
diguttman@aol.com
GUTTMAN, BUSCHNER & BROOKS PLLC
2000 P Street, NW, Suite 300
Washington, DC 20036
Tel: (202) 800-3001/Fax: (202) 827-0041

Richard A. Harpootlian (admitted *pro hac vice*)
rah@harpootlianlaw.com
Christopher P. Kenney (admitted *pro hac vice*)
cpk@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Post Office Box 1090 (29201)
Columbia, South Carolina 29202
Tel: (803) 252-4848/Fax: (803) 252-4810

Nancy Gertner (admitted *pro hac vice*)
ngertner@law.harvard.edu
Langdell 328
1525 Massachusetts Ave.
Cambridge, Massachusetts 02138
Tel: (617) 851-3812

*Attorneys for Plaintiff – Relator*
BEVERLY BROWN

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, WASHINGTON, WISCONSIN, the DISTRICT OF COLUMBIA, and the CITY OF CHICAGO,

Plaintiffs,
*Ex rel.*

BEVERLY BROWN,

Plaintiff-Relator,

v.

CELGENE CORPORATION,

Defendant.

Case No. 10-cv-03165 GHK (SSx)

Assigned for all purposes to Hon. George H. King

**PLAINTIFF-RELATOR BEVERLY BROWN'S REPLY TO DEFENDANT CELGENE'S OPPOSTION TO PLAINTIFF-RELATOR'S REQUEST FOR JUDICIAL NOTICE**

Date: October 17, 2016
Time: 9:30 a.m.
Place: Courtroom 650 – 6th Floor
Discovery cut-off: closed:
Pretrial Conf. Date: [not set]
Trial Date: [not set]

**I. Introduction**

Relator has asked the Court to take judicial notice of 44 documents which are readily available and whose accuracy can reasonably be determined.[1]

Celgene has challenged Relator's request as to 39 of those documents including Defendant's own filings with the Securities and Exchange Commission ("SEC"), its own 2003 package insert for Thalomid, and government issued documents whose authenticity and accuracy is not at issue.

Celgene misapprehends Relator's filing. Relator filed her motion, as a prophylactic measure, to ensure authentication of her documents for all phases of the litigation, including summary judgment; and Celgene did not object to the admissibility of these particular documents in the joint summary judgment brief.[2] Facts contained within the documents support specific statements of fact and are otherwise admissible as non hearsay (FRE 801(d)(2)) or through exceptions to the hearsay rule FRE 803(6),(8) and the Residual Exception to the hearsay rule (FRE 807). Celgene does not here challenge the facts which are supported by the documents.

Having failed to timely object,[3] Celgene now asks this Court to deny Relator's request for judicial notice. Yet, Celgene offers no specifics with regard to the accuracy of particular documents or more specifically as to the statements which are relied upon or cited.

For these reasons and the reasons articulated below, this Court should take judicial notice of the exhibits referenced in Plaintiff-Relator's Request for Judicial Notice. [Doc. 327]. To the extent that this Court finds that any of the documents do not qualify for judicial notice,

---

[1] *See* FRE 201(b)(1),(2).

[2] In a very few instances, Celgene objected to the admissibility in the Statement of Undisputed Fact.

[3] This Court's "Order Re: Summary Judgment Motions" states "[a]ll necessary evidentiary objections shall be made in the relevant section(s) of the joint brief."

Relator submits that the documents may be authenticated pursuant to FRE 901 and 902 and are otherwise admissible as noted above.

## I. The Documents Are Authentic

### A. Government Documents and SEC Filings

The vast majority of the documents at issue (Exhibits 83, 184, 186, 203, 204-209, 212, 216, 216-219, 227, 253, 277, and 284-285) were developed by government agencies, including the Centers for Medicare and Medicaid Services and the Food and Drug Administration, and are available on their websites. The documents reflect Government public policies/positions, press releases, and even provider enrollment forms. These documents are readily available and not in dispute; nor does Celgene claim they are in dispute. The Court may take judicial notice of "information posted on government websites as it can be 'accurately and readily determined from sources whose accuracy cannot be reasonably questioned.'" *United States v. Head*, 2013 U.S. Dist. LEXIS 151805, at *7 n.2 (C.D. Cal. Oct. 22, 2013).[4] Moreover, Exhibits 205 to 209 are articles and a Corporate Integrity Agreement from the Department of Justice federal and field office websites. Taking judicial notice of these is appropriate to show when and what was available in the public domain with regard to the government's enforcement of False Claims Act cases against drug manufacturers. Press releases qualify for judicial notice when they are being used to show, for example, "that the market was aware of the information contained in the news articles." *Heliotrope Gen., Inc. v. Ford Motor Co,.* 189 F.3d 971, 981 n. 18 (9th Cir.

---

[4] Documents on government websites, including those of government agencies, are also considered self-authenticating "official publications" under F.R.E. 902(5), which defines official publications to include, "[a] book, pamphlet, or other publication purporting to be issued by a public authority." *See*, *Williams v. Long*, 585 F. Supp. 2d 679, 688 n.4 (D. Md. 2008).

1999).[5] At the very least, government enforcement of False Claims Act cases against pharmaceutical manufacturers for off-label promotion of drugs during the dates identified in the press releases is relevant to issues of materiality and scienter. Celgene concedes that "government publications" and press releases are susceptible to judicial notice when they "show that information 'was in the public realm at the time.'" Def. Br. at p. 2; quoting, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F. 3d 954, 960 (9th Cir. 2009).

Six of the documents at issue – Exhibits 78, 79, 80, 84, 86 and 98 – are Celgene's own Form 10-K Filings with the Securities and Exchange Commission (SEC) made available for public inspection on a government database.[6] Undoubtedly they are readily available and their accuracy can actually be more easily verified by Celgene than even the Relator. Moreover, they are being used to support specific facts which are not in dispute. *See e.g.*, Statement of Undisputed Fact ("SUF") P47 ("[b]y the beginning of 2006, Celgene's sales force had grown to 100 people. ") SEC filings are regularly authenticated via judicial notice. See, *Moreno v. SFX Entm't*, 2014 U.S. Dist. LEXIS 105839, at *20 (C.D. Cal. Aug. 1, 2014) *citing*, *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998); *Lindsay v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 129694, at *6 (D. Mass June 14, 2013)(collecting cases).[7]

**B. Pharmaceutical Drug Package Inserts and Drug Coverage Documents**

Curiously, Celgene seeks exclusion of its own 2003 Thalomid label (Exhibit 374-E). While this is also statement of a party opponent (FRE 801(d)(2)), Relator only seeks to use

---

5 Similarly, even non-government press releases and news stories qualify for judicial notice. *See*, Exhibits 77, 81, 185, 213 and 290. Newspaper articles are also self-authenticating. FRE 902(6).

6 Whether or not Celgene now contends that its own SEC filings are not truthful, these documents are a statement of a party opponent and, thus, are at least admissible pursuant FRE 801(d)(2).

7 The same holds true for (Exhibit 85) SEC 10-K filing for EntreMed, Inc.

this document not for its truth but merely for the representations embodied by the words.[8] Celgene also opposes judicial notice of the 2003 package insert for Velcade (Exhibit 374-F), which is manufactured by another company; yet it offers no argument that the document is not indeed the label for Velcade or that some other issue exists with regard to accuracy. Drug labeling information is also the type of information that may be subject to judicial notice. See, *Synder v. Cindy Law, P.A.*, 2010 U.S. Dist. LEXIS 139539, at *2-3, n. 3 (N.D. N.Y. December 21, 2010)(website containing the package insert for the prescription drug Clozaril).

Alternatively, Celgene argues that because the package inserts and Exhibits 216-219 (government coverage documents) are not cited in the joint summary judgment brief or the SUF they should be excluded from the court's decision on authentication but the authority upon which Celgene relies, *Meador v. Pleasant Valley Prison*, 312 Fed. Appx. 954 (9th Cir. 2009), is inapposite. The opinion, involving the appeal of a motion to dismiss by a *pro se* prisoner, fails to mention how the plaintiff introduced the evidence. Rather than decide the issue of judicial notice, the Court of Appeals noted that the documents presented were not relevant in time or with respect to the prison defendant. Here, the package inserts are attached to Relator's Declaration opposing summary judgment and the other documents are government documents, found on government websites, which encompass drug coverage determinations.

---

[8] In *Wyeth v. Levine*, 555 U.S. 555, 570-71 (2009), the Court explained that "[t]hrough many amendments to the FDCA and to the FDA regulations, it has remained a central premise of federal drug regulation that the manufacturer bears responsibility for the content of its label at all times. It is charged both with crafting an adequate label and with ensuring that its warnings remain adequate as long as the drug is on the market." Whether or not Celgene failed to fully comply with its labeling obligations, including full disclosure of the risks of its product, as Relator contends, the label and the words on the label are admissible only to show what Celgene was representing.

**C. Internet Documents**

Celgene complains of internet documents, including a Wikipedia page, which it claims does not qualify for judicial notice. However, the Wikipedia document, Exhibit 210, in large part lists settlements that are available publicly from other sources. At its core, the Wikipedia page is nothing more than a convenient list of press releases, which are separately linked to the cite. As such, it qualifies for judicial notice or authentication under FRE 902(6) and is "summary" pursuant to FRE 1006. *See*, *Heliotrope Gen., Inc.*, 189 F.3d at 981 n. 18. Other documents, Exhibit 213-214, are found on the NCCN Compendia and the Pubmed.gov websites and there is no reason to deny their contents judicial notice. Pubmed.gov is a large source of medical studies and journal articles (26 million citations), which is used by researchers and physicians among others. NCCN publishes information about cancer and cancer drugs, among other things. In a similar scenario, in *U.S. v. Mosely*, 672 F. 3d 586, 591 (8th Cir. 2012), the Court of Appeals upheld judicial notice of medical information contained in the on-line version of the Physicians' Desk Reference. Again, Celgene does not argue that these websites or their contents are unreliable.

**II. Conclusion**

Accordingly, Relator Requests that the Court take judicial notice of Exhibits 77-81, 83-86, 98, 139, 160, 184-186, 195-197, 203-210, 211-219, 227, 253, 277, 284-286, 290-E and 290-F or allow for authentication via FRE 901 and/or 902.

Dated: October 3, 2016

Respectfully Submitted,

/s/ *Michael R. Williams /s/*
Michael R. Williams
**BIENERT, MILLER & KATZMAN, PLC**
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Tel: (949) 369-3700
Fax (949) 369-3701

Reuben A. Guttman
Traci L. Buschner
Justin S. Brooks
jbrooks@gbblegal.com
**GUTTMAN, BUSCHNER & BROOKS PLLC**
1625 Massachusetts Avenue, N.W., Suite 500
Washington, DC 20006
Tel: (202) 800-3001/Fax: (202) 827-0041

Richard A. Harpootlian
Christopher P. Kenney
**RICHARD A. HARPOOTLIAN, PA**
1410 Laurel Street
Post Office Box 1090 (29201)
Columbia, South Carolina 29202
Tel: (803) 252-4848/Fax: (803) 252-4810

Attorneys for Plaintiff - Relator
Beverly Brown

**CERTIFICATE OF SERVICE**

That I am a citizen of the United States and am a resident or employed in Orange County, California; that my business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673; that I am over the age of 18 and not a party to the above-entitled action.

That I am employed by a member of the United States District Court for the Central District of California and at whose direction I caused service of: **PLAINTIFF-RELATOR BEVERLY BROWN'S REPLY TO DEFENDANT CELGENE'S OPPOSTION TO PLAINTIFF-RELATOR'S REQUEST FOR JUDICIAL NOTICE** on the interested parties as follows:

**X** **BY ELECTRONIC MAIL:** by electronically filing the foregoing with the Clerk of the District Court using its ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies said parties in this case:

Howard F. Daniels
howard.daniels@usdoj.gov

Jay Edward Smith
js@gslaw.org

Kimberly A. Dunne
kdunne@sidley.com
laefilingnotice@sidley.com

Sean A. Commons
scommons@sidley.com
laefilingnotice@sidley.com

Michelle B. Goodman
mgoodman@sidley.com

Brian D. Hershman
bhershman@jonesday.com

Toni-Ann Citera
tcitera@jonesday.com

Karen P. Hewitt
kphewitt@jonesday.com

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 3, 2016 at San Clemente, California.

*/s/ Michele Ueda /s/*
Michele Ueda