Thomas H. Bienert, Jr., State Bar No. 135311
tbienert@bmkattorneys.com
Michael R. Williams, State Bar No. 192222
mwilliams@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Tel: (949) 369-3700/Fax: (949) 369-3701

Reuben A. Guttman *(admitted pro hac vice)*
rguttman@gbblegal.com
Traci L. Buschner *(admitted pro hac vice)*
tbuschner@gbblegal.com
Justin S. Brooks *(admitted pro hac vice)*
jbrooks@gbblegal.com
Dan Guttman *(admitted pro hac vice)*
diguttman@aol.com
GUTTMAN, BUSCHNER & BROOKS PLLC
1625 Massachusetts Ave., NW, Suite 500
Washington, DC 20036
Tel: (202) 800-3001/Fax: (202) 827-0041

Richard A. Harpootlian (*admitted pro hac vice*)
rah@harpootlianlaw.com
Christopher P. Kenney (*admitted pro hac vice*)
cpk@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Post Office Box 1090 (29201)
Columbia, South Carolina 29202
Tel: (803) 252-4848/Fax: (803) 252-4810

Nancy Gertner (*admitted pro hac vice*)
ngertner@law.harvard.edu
Langdell 328
1525 Massachusetts Ave.
Cambridge, Massachusetts 02138
Tel: (617) 851-3812

Attorneys for Plaintiff - Relator
BEVERLY BROWN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, WASHINGTON, WISCONSIN, the DISTRICT OF COLUMBIA, and the CITY OF CHICAGO,<br><br>        Plaintiffs,<br>*Ex rel.*<br><br>BEVERLY BROWN,<br><br>        Plaintiff-Relator,<br>v.<br><br>CELGENE CORPORATION,<br><br>        Defendant. | Case No. 10-cv-03165 GHK (SSx)<br>Assigned to the Honorable George H. King<br><br>**PLAINTIFF-RELATOR BEVERLY BROWN'S RESPONSE TO CELGENE'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

In its November 2, 2016 Notice of Supplemental Authority, Celgene cites the Court to the Seventh Circuit's October 24, 2016 decision in *U.S. ex rel. Nelson v. Sanford-Brown, Ltd.*, No. 14-2506, 2016 U.S. App. LEXIS 19195 (7th Cir. Oct. 24, 2016). *See* Exhibit A. *Sanford-Brown* is the second appellate decision to interpret materiality under the False Claims Act following the Supreme Court's decision in *Universal Health Services, Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989 (2016), and further underscores how *Escobar* did little to appreciably alter materiality standards.

The Seventh Circuit held that materiality was not established because the relator "offered no evidence that the government's decision to pay [defendant] would likely or actually have been different had it known of [defendant's] alleged noncompliance with Title IV regulations" at issue. *Sanford-Brown*, 2016 U.S. App. LEXIS 19195, at *3. This standard is consistent with a pre-*Escobar* conception of materiality[1] and is satisfied in the present case. As previously briefed, there is (1) ample evidence the government finds payment of kickbacks and off-label promotion material to payment and colorable predicates to False Claims Act liability; (2) no evidence any government payor was aware of Celgene's fraudulent and unlawful promotion of its drugs at the time it paid claims; and (3) extensive evidence that payors were unable to consistently determine if off-label drug uses induced by Celgene's fraudulent promotion were not "medically accepted" but refused to pay for such uses when able to do so. *See, e.g.,* Dkt. No. 325 at 31-33 (citing exhibits), Dkt. No. 326, Statement of Facts at P55, P65, P71, P129-135, P177-201 (citing exhibits); *see also* Dkt. No. 328 at 14-16. By contrast, the relator in *Sanford-Brown* made essentially no materiality showing.[2]

---

[1] Although not clearly applicable in this case because the government did not know of Celgene's fraud or the nonreimbursable nature of its drugs, the Seventh Circuit's focus on the actual *or* "likely" payment decision (quoting *Escobar*) is consistent with *Escobar*'s adoption of the "natural tendency" test, recognizing that there could be reasons the government continues to pay after discovering wrongdoing even when it finds the wrongdoing material. *See* Dkt. No. 328 at 14-16.

[2] Courts will continue to interpret *Escobar*. Absent contrary guidance from the Court, Relator does not anticipate filing a Notice of Supplemental Authority each time a decision

Indeed, the Seventh Circuit did not substantively address the nature and quantum of evidence that can establish materiality because the relator never briefed the issue or identified any applicable evidence. On August 19, 2016, defendant filed a Statement of Position under Circuit Rule 54 that substantively argued lack of materiality under *Escobar*. *See Sanford-Brown*, Dkt. No. 74, attached as Exhibit B. The relator did not do the same, instead asking the Court to allow rebriefing and reargument of materiality in light of *Escobar* in his Rule 54 Statement. *See* Exhibit C. Relator then failed to act until October 24, 2016, when he again moved to rebrief and reargue materiality in light of *Escobar*. *See* Exhibit D, Appellant's Motion to Set Briefing Schedule or, in the Alternative, for Leave to Respond to Appellees' Circuit Rule 54 Statement. The Court issued its opinion hours later without such briefing ever occurring.[3]

---

is issued. Relator only expects to file further Notices to alert the Court to significant appellate decisions or district court decisions applying *Escobar* on facts that are highly analogous to those at issue.

[3] On October 25, 2016 – after the Seventh Circuit issued its opinion and final judgment – the relator again sought to respond to defendant's Statement of Position.

2

Dated: November 4, 2016

Respectfully Submitted,

BIENERT, MILLER & KATZMAN, PLC


By: /s/ Michael R. Williams /s/
 Thomas H. Bienert, Jr.
 Michael R. Williams

Reuben A. Guttman *(admitted pro hac vice)*
Traci L. Buschner *(admitted pro hac vice)*
Justin S. Brooks *(admitted pro hac vice)*
GUTTMAN, BUSCHNER & BROOKS PLLC

Richard A. Harpootlian *(admitted pro hac vice)*
Christopher P. Kenney *(admitted pro hac vice)*
RICHARD A. HARPOOTLIAN, PA

Nancy Gertner *(admitted pro hac vice)*

*Attorneys for Plaintiff-Relator*
*BEVERLY BROWN*

# CERTIFICATE OF SERVICE

I, Carolyn K. Howland, declare,

That I am a citizen of the United States and am a resident or employed in Orange County, California; that my business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673; that I am over the age of 18 and not a party to the above-entitled action.

That I am employed by a member of the United States District Court for the Central District of California and at whose direction I caused service of: **PLAINTIFF-RELATOR BEVERLY BROWN'S RESPONSE TO CELGENE'S NOTICE OF SUPPLEMENTAL AUTHORITY** on the interested parties as follows:

**X   BY ELECTRONIC MAIL:** by electronically filing the foregoing with the Clerk of the District Court using its ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies said parties in this case:

| | | |
|---|---|---|
| Brian Hershman<br>bhershman@jonesday.com | Michelle B. Goodman<br>mgoodman@sidley.com | Kimberly A Dunne<br>kdunne@sidley.com |
| Sean A Commons<br>scommons@sidley.com | Toni-Ann Citera<br>tcitera@jonesday.com | Karen Hewitt<br>kphewitt@jonesday.com |
| jdelmedico@JonesDay.com | Linda A. Kontos<br>Linda.kontos@usdoj.gov | Jay Edward Smith<br>js@gslaw.org |
| Brent A. Whittlesey<br>Brent.whittlesey@usdoj.gov | | |

This certificate was executed on November 4, 2016, at San Clemente, California.

I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Carolyn K. Howland /s/*
Carolyn K. Howland