Thomas H. Bienert, Jr., State Bar No. 135311
tbienert@bmkattorneys.com
Michael R. Williams, State Bar No. 192222
mwilliams@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Tel: (949) 369-3700/Fax: (949) 369-3701

Reuben A. Guttman *(admitted pro hac vice)*
rguttman@gbblegal.com
Traci L. Buschner *(admitted pro hac vice)*
tbuschner@gbblegal.com
Justin S. Brooks *(admitted pro hac vice)*
jbrooks@gbblegal.com
GUTTMAN, BUSCHNER & BROOKS PLLC
2000 P Street, NW, Suite 300
Washington, DC 20036
Tel: (202) 800-3001/Fax: (202) 827-0041

Richard A. Harpootlian (*admitted pro hac vice*)
rah@harpootlianlaw.com
Christopher P. Kenney (*admitted pro hac vice*)
cpk@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Post Office Box 1090 (29201)
Columbia, South Carolina 29202
Tel: (803) 252-4848/Fax: (803) 252-4810

Attorneys for Plaintiff - Relator
BEVERLY BROWN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, WASHINGTON, WISCONSIN, the DISTRICT OF COLUMBIA, and the CITY OF CHICAGO,

Plaintiffs,
*Ex rel.*

BEVERLY BROWN,

Plaintiff-Relator,

v.

CELGENE CORPORATION,

Defendant.

Case No. 10-cv-03165 RGK (SSx)
Assigned to the Honorable R. Gary Klausner

**RELATOR'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING PURPORTED REBATE INFORMATION NOT PRODUCED DURING FACT DISCOVERY**

Pretrial Conf. Date: April 10, 2017
Trial Date: April 25, 2017

Date: April 25, 2017
Time: 9:00 a.m.
Ctrm: 850

**Notice of Motion and Motion**

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 25, 2017 at 9:00 a.m., Relator Beverly Brown will and hereby does submit this motion *in limine* for an order, pursuant to Federal Rules of Civil Procedures 16(f), 26(a) and (e), and 37(b) and (c), precluding Defendant Celgene Corporation ("Celgene") from (1) offering any evidence of any rebates that Celgene purportedly paid to government payers, or (2) arguing that Relator's damages should be reduced by rebates that Celgene purportedly paid. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on March 8, 2017. Because the Court's Order Re: Status Report and Case Scheduling setting the trial date and related deadlines was issued on March 6, 2017, counsel were unable to meet-and-confer within the time frame set forth in L.R. 7-3.

This motion is based on this Notice of Motion and Motion and Memorandum of Points and Authorities contained herein, the Declaration of Justin Brooks in Support of Relator's Motions *in Limine* and Daubert Motion, the pleadings and papers on file in this action, and the argument of counsel presented at the hearing on the motion.

**Memorandum of Points and Authorities**

## I. Introduction.

Relator Beverly Brown ("Relator") moves *in limine* for an order precluding Defendant Celgene Corporation ("Celgene") from (1) offering any evidence of any rebates that Celgene purportedly paid to government payers, or (2) arguing that Relator's damages should be reduced by rebates that Celgene purportedly paid.

Celgene, through its expert witnesses and otherwise, has taken the position that Relator's damages should be reduced because Celgene purportedly issued rebates to certain government payers that paid the cost of Celgene drugs. But Celgene failed to produce any evidence of such rebates during fact discovery. Instead, the first time it provided any such claimed evidence was in the production of the materials relied upon by Celgene's damages expert, months after the fact discovery cutoff.

Relator brings this motion under Federal Rules of Civil Procedures 16(f), 26(a) and (e), and 37(b) and (c) on the grounds that Celgene (1) failed to timely supplement its production of documents or produce relevant information necessary for its defense, and (2) failed to abide by the Court's scheduling order.

## II. Statement of relevant facts.

Under the Court's scheduling order dated December 1, 2014 [Dkt. 166], fact discovery closed on July 24, 2015. The Court later extended certain discovery-related dates, but the party discovery cutoff remained unchanged. [Dkt. 192].

On September 29, 2015, more than two months after the fact discovery cutoff, Celgene for the first time produced information to Relator regarding rebates it purportedly paid to certain government payers. Specifically, on that date, Celgene produced various materials relied upon by its experts. Among those materials, were certain rebate documents relied upon by Celgene expert Dr. Iain Cockburn (the "Rebate Documents"). *See* Declaration of Justin Brooks in Support of Relator's Motions *in Limine* and Daubert Motion ("Brooks Decl.") ¶ 2, Ex. A. Celgene had not previously provided these or other rebate documents to Relator. *Id.* ¶ 3.

**III. The Rebate Documents should be excluded from trial because Celgene failed to timely produce them in discovery.**

Celgene should be precluded from introducing evidence or arguing that it provided rebates to government payers that paid for Celgene drugs because Celgene did not produce the Rebate Documents until after the close of fact discovery, thereby (1) failing to timely provide information required by Rules 26(a) and (e), and (2) failing to follow the Scheduling Order requirements.

**A. Exclusion of the Rebate Documents is proper under Rule 37(c) due to Celgene's failure to timely disclose and produce those documents in discovery.**

Federal Rule of Civil Procedure 37(c) states that a party who "fails to provide information . . . as required by Rule 26(a) or (e) . . . is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37; *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) ("The burden to prove harmlessness is on the party seeking to avoid Rule 37's exclusionary sanction."). The Court has broad discretion to issue discovery sanctions under Rule 37. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("[W]e give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)."). Discovery sanctions have been upheld even when excluding the information would make it "almost impossible" to rebut a party's damages calculations. *Yeti by Molly*, 259 F.3d at 1106 (9th Cir. 2001).

Exclusion under Rule 37 is "a self-executing, automatic sanction to provide a strong inducement for disclosure of material." *Hoffman v. Constr. Protective* Servs., Inc., 541 F.3d 1175, 1180 (9th Cir. 2008) (citing *Yeti by Molly*, 259 F.3d at 1106). The Court is not required to analyze whether the failure to produce information was a result of "willfulness, fault, or bad faith" unless the exclusion of the information would result in dismissal of a cause of action. *Yeti by Molly*, 259 F.3d at 1106 (even absent a showing of bad faith, exclusion of expert report was the "appropriate remedy for failing to fulfill the required

disclosure requirements of Rule 26(a)").

Rule 26(a)(1)(A)(ii) requires that each party disclose "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. Proc. 26(a)(1)(A)(ii). Rule 26(e) requires disclosing parties to supplement their prior disclosures, either under Rule 26(a) or request for production of documents, "in a timely manner" when "some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.* 26(e)(1)(A). "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Hoffman*, 541 F.3d at 1179 (citing *Yeti by Molly*, 259 F.3d at 1106).

Here, Celgene failed to disclose any rebate documents, produce any rebate documents, or supplement its disclosures to include rebate documents at any time before the close of discovery. Brooks Decl. ¶¶ 3, 4, Exs. B, C. Moreover, it is not as though Celgene was unaware of the existence of the Rebate Documents – it evidently provided them to its *own* expert. Brooks Decl., Ex. A. Because Celgene claims that the rebate documents are relevant to its defenses – and specifically to its position regarding the amount the government paid for its drugs – it had a duty to disclose and produce those documents to the Relator in discovery. Celgene failed to do so and the Court should not allow it to rely on those documents at trial.

**B. Exclusion of the Rebate Documents is proper under Rule 16(f) due to Celgene's failure to follow the Scheduling Order.**

Under Rule 16(f), the Court may issue an order under Rule 37(b)(2)(A)(ii)-(vii) if a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 37(b)(2)(A)(ii) allows the Court to issue an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated

matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Like Rule 37(c) sanctions, the Court has "great discretion in fashioning a remedy" under Rule 16(f). *Mallinckrodt, Inc. v. Masimo Corp.*, 254 F. Supp. 2d 1140, 1156 (C.D. Cal. 2003) (granting a motion to strike expert declarations submitted after the deadline per the scheduling order). Furthermore, the Scheduling Order states that failure to comply with the federal rules and its orders "will result in the imposition of an appropriate sanction against the offending party/counsel." Scheduling Order [Dkt. 166], ¶ 8.

Here, Celgene violated the Scheduling Order by failing to timely produce the Rebate Documents before the discovery cutoff. For this additional reason, the Court should preclude Celgene from relying on or otherwise referencing those documents at trial.

## IV. Conclusion.

Based on the foregoing, the Court should grant the motion and Celgene should be precluded from introducing the Rebate Documents, arguing that Relator's damages should be reduced because of the information in the Rebate Documents, or otherwise relying on or referencing the Rebate Documents at trial.

Dated: March 10, 2017

**BIENERT, MILLER & KATZMAN, PLC**

By: <u>*/s/ Michael R. Williams*</u>
Thomas H. Bienert, Jr.
Michael R. Williams

Reuben A. Guttman *(admitted pro hac vice)*
Traci L. Buschner *(admitted pro hac vice)*
Justin S. Brooks (*admitted pro hac vice)*
**GUTTMAN, BUSCHNER & BROOKS PLLC**

Richard A. Harpootlian (*admitted pro hac vice*)
Christopher P. Kenney (*admitted pro hac vice*)
**RICHARD A. HARPOOTLIAN, PA**

*Attorneys for Plaintiff-Relator*
*BEVERLY BROWN*

**CERTIFICATE OF SERVICE**

I, Carolyn K. Howland, declare,

That I am a citizen of the United States and am a resident or employed in Orange County, California; that my business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673; that I am over the age of 18 and not a party to the above-entitled action.

That I am employed by a member of the United States District Court for the Central District of California and at whose direction I caused service of: **RELATOR'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING PURPORTED REBATE INFORMATION NOT PRODUCED DURING FACT DISCOVERY** on the interested parties as follows:

**X BY ELECTRONIC MAIL:** by electronically filing the foregoing with the Clerk of the District Court using its ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies said parties in this case:

Brian Hershman
bhershman@jonesday.com

Michelle B. Goodman
mgoodman@sidley.com

Kimberly A Dunne
kdunne@sidley.com

Sean A Commons
scommons@sidley.com

Toni-Ann Citera
tcitera@jonesday.com

Karen Hewitt
kphewitt@jonesday.com

jdelmedico@JonesDay.com

Linda A. Kontos
Linda.kontos@usdoj.gov

Jay Edward Smith
js@gslaw.org

Brent A. Whittlesey
Brent.whittlesey@usdoj.gov

This certificate was executed on March 10, 2017, at San Clemente, California.

I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Carolyn K. Howland /s/*
Carolyn K. Howland