Thomas H. Bienert, Jr., State Bar No. 135311
tbienert@bmkattorneys.com
Michael R. Williams, State Bar No. 192222
mwilliams@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Tel: (949) 369-3700/Fax: (949) 369-3701

Reuben A. Guttman *(admitted pro hac vice)*
rguttman@gbblegal.com
Traci L. Buschner *(admitted pro hac vice)*
tbuschner@gbblegal.com
Justin S. Brooks *(admitted pro hac vice)*
jbrooks@gbblegal.com
GUTTMAN, BUSCHNER & BROOKS PLLC
2000 P Street, NW, Suite 300
Washington, DC 20036
Tel: (202) 800-3001/Fax: (202) 827-0041

Richard A. Harpootlian (*admitted pro hac vice*)
rah@harpootlianlaw.com
Christopher P. Kenney (*admitted pro hac vice*)
cpk@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Post Office Box 1090 (29201)
Columbia, South Carolina 29202
Tel: (803) 252-4848/Fax: (803) 252-4810

Attorneys for Plaintiff - Relator
BEVERLY BROWN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, WASHINGTON, WISCONSIN, the DISTRICT OF COLUMBIA, and the CITY OF CHICAGO,

Plaintiffs,
*Ex rel.*

BEVERLY BROWN,

Plaintiff-Relator,

v.

CELGENE CORPORATION,

Defendant.

Case No. 10-cv-03165 RGK (SSx)
Assigned to the Honorable R. Gary Klausner

**RELATOR'S *DAUBERT* MOTION TO STRIKE OR PRECLUDE THE EXPERT TESTIMONY OF LESLIE NORWALK (MOTION *IN LIMINE* NO. 7)**

Pretrial Conf. Date: April 10, 2017
Trial Date: April 25, 2017

Date: April 25, 2017
Time: 9:00 a.m.
Ctrm: 850

**REDACTED VERSION PROPOSED TO BE FILED UNDER SEAL**

**Notice of Motion and Motion**

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 25, 2017 at 9:00 a.m., Relator Beverly Brown will and hereby does submit this *Daubert* motion to strike or preclude the expert testimony of Leslie Norwalk. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on March 8, 2017. Because the Court's Order Re: Status Report and Case Scheduling setting the trial date and related deadlines was issued on March 6, 2017, counsel were unable to meet-and-confer within the time frame set forth in L.R. 7-3.

This motion is based on this Notice of Motion and Motion and Memorandum of Points and Authorities contained herein, the Declaration of Justin Brooks in Support of Relator's Motions *in Limine* and Daubert Motion, the pleadings and papers on file in this action, and the argument of counsel presented at the hearing on the motion.

# Memorandum of Points and Authorities

## I. Introduction.

Celgene has designated 14 experts in this case. The opinions of those experts are riddled with flaws. Many also have gross biases and intractable conflicts of interests, having provided a myriad of services for Celgene for exorbitant sums of money long before this litigation began. Relator will establish these points through rigorous cross-examination at trial. But with this motion, Relator requests the Court exclude certain opinions of only one of Celgene's 14 experts: attorney Leslie Norwalk.

Relator makes this motion on the ground that Ms. Norwalk functions as simply another attorney for Celgene, offering improper opinions about the law and, in essence, acting as a legal advocate for Celgene under the guise of an expert. Indeed, Ms. Norwalk seeks to improperly instruct the jury on the statutory and regulatory parameters and limitations of insurance coverage and otherwise opine in a manner and on topics that are not suitable for expert testimony. Additionally, much of the information she presents violates the "best evidence rule." Accordingly, Relator moves pursuant to Federal Rules of Evidence 702 and 403, as well as *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its line of cases, to exclude at trial the expert opinions of Ms. Norwalk.

## II. Ms. Norwalk's background.

Ms. Norwalk graduated from George Mason University School of Law in 1996. *See* Declaration of Justin Brooks in Support of Relator's Motions *in Limine* and Daubert Motion ("Brooks Decl.") Ex. Q (Biography of Leslie Norwalk, also available at http://www.ebglaw.com/leslie-v-norwalk at 2). [redacted] Brooks Decl. Ex. R, Expert Report of Leslie Norwalk ("Norwalk Report") p. 49. In 2001, Ms. Norwalk joined the Centers for Medicare & Medicaid Services ("CMS"). *Id.* ¶ 1. For 6 years, she ostensibly served as a civil servant at CMS, rising to Acting Administrator, [redacted] *Id.* ¶¶ 1-2. Since leaving CMS in 2007, she returned to the law firm Epstein Becker Green and its affiliate EBG Advisors as "Strategic Counsel," where she [redacted]

[redacted] *Id.* ¶ 3. During the last 4 years – while serving as Strategic Counsel at a law firm and advising clients in the healthcare industry – she has been deposed as expert witness in at least 9 cases, including the present case. *Id.* p. 51. Ms. Norwalk has not represented that she testified at trial in any case. *Id.* [redacted] *Id.* ¶ 4.

**III. The court should exclude Norwalk's testimony because she improperly purports to opine on the law.**

For expert opinion testimony to be admissible under Rule 702, the district court must ensure that it is both relevant and reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, (1993). Expert testimony is subject to exclusion if it falls short of meeting either requirement. *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007). The proponent of the expert's testimony bears the burden of establishing that the testimony is admissible. *Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). As a gloss on these core principles, as discussed more fully below, courts in this Circuit do not allow expert testimony to improperly express legal conclusions. *See, e.g.*, *Howell v. Earl*, No. 13-48, 2014 U.S. Dist. LEXIS 80484, at *5 (D. Mont. June 10, 2014).

Attorney Norwalk's opinions should be excluded because they violate these cardinal principles.

*First*, Ms. Norwalk proffers a number of opinions that should be excluded at trial because they constitute improper legal opinions, some of which this Court has already rejected as erroneous as a matter of law.

*Second*, Ms. Norwalk's remaining opinions are not helpful to the trier of fact and violate Rule 1002 of the Federal Rules of Evidence, the "best evidence rule," because they simply instruct the jury as to the contents and meaning of documents that speak for themselves.

*Finally*, Ms. Norwalk's testimony is substantially more prejudicial than probative under Rule 403 of the Federal Rules of Evidence because her former status as the senior

most official at CMS cloaks her opinions with "talismanic significance" well beyond that which is warranted on their merits. Thus, to the extent the Court allows her to testify, it should limit her ability to discuss her past position at CMS.

**A. Attorney Norwalk's legal opinions are improper expert testimony.**

It is well-settled in this circuit that "'[t]he proper interpretation of a statute is a question of law[]' for the Court to resolve." *Haflich v. McLeod*, No. 09-161, 2011 U.S. Dist. LEXIS 2060, at *13 (D. Mont. Jan 10, 2011) (quoting *United States v. Stephens*, 237 F.3d 1031, 1033 (9th Cir. 2001)). Similarly, "a statement as to whether an individual or entity violated a specific statutory provision is an opinion on a legal conclusion which an expert witness is not permitted to give." *Id.* (quoting *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1059-60 (9th Cir. 2008)).

By the same token and by natural extension, expert opinion as to what statutes and regulations *mean, require, or allow* is improper expert testimony. *See, e.g., Hangarter v. Provident Life and Accident Ins. Co.*¸373 F.3d 998, 1016 (9th Cir. 2004) ("[I]nstructing the jury as to the applicable law 'is the distinct and exclusive province' of the court.") (quoting *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993)); *Nationwide Transp. Fin. V. Cass Info. Sys.*, 523 F.3d 10, 14-17 (9th Cir. 2008) (district court properly excluded plaintiff's expert's legal conclusions pertaining to plaintiff's theory that defendant Cass Information Systems was obligated to follow Universal Commercial Code ("UCC") § 9-406 – including sections that discussed the UCC and/or applied it to the facts of cases – even if expert's statement of the law had been correct); *see also United States v. Tamman*, 782 F.3d 543, 553 (9th Cir. 2015) ("[A]n expert cannot testify to a matter of law amounting to a legal conclusion.")

Additionally, "testimony by an expert as to what the law says and how it applies" is "objectionable" regardless of whether it goes an ultimate issue in the case. *See, e.g., United States v. Grace*, 455 F. Supp. 2d 1156, 1164 (D. Mont. 2006) (citing United States v. Scholl, 166 F.3d 964 (9th Cir. 1999)). Such testimony is properly excludable in the district court's discretion. *Id.* at 1165.

Attorney Norwalk offers the following improper legal opinions, some of which the Court has already held are incorrect as a matter of law:

[redacted]

[redacted]

[redacted]

[redacted]

*See, e.g.*, Norwalk Report ¶¶ 9-12 (summary opinions). An examination of the nature of the purported support Attorney Norwalk cites in an effort to substantiate these opinions demonstrates their inadmissibility.

As support for her opinion that [redacted] *i.e.* that carriers may lawfully reimburse such uses, Ms. Norwalk cites the following statutory and regulatory provisions and guidance. 42 U.S.C. § 1395x(s)(2)(A); 70 Fed. Reg. at 4261 (Jan. 28, 2005); November 14, 2011, OIG Memorandum Report: Ensuring That Medicare Part D Reimbursement is Limited to Drugs Provided for Medically Accepted Indications, OEI-07-08-00152; Practicing Physicians Advisory Council Meeting Transcription," Centers for Medicare & Medicaid Services, at 69-72 (May 23, 2005). *See* Norwalk Report ¶¶ 41, 61-62. She misinterpreted or misrepresent these provisions. Accordingly, after conducting a careful analysis of the relevant statutes and regulations, this Court concluded that "a drug must be prescribed for a 'medically accepted indication' in order to fall within the definition of "covered part D drug[ ]'" and that "[c]laims that sought reimbursement for non-medically accepted uses of Thalomid and Revlimid were false for

purposes of the FCA" as a matter of law. Dkt. No. 369 at 16.

Attorney Norwalk's opinion that state Medicaid programs have discretion to reimburse uses that are not medically accepted is likewise inadmissible expert testimony because it is similarly predicated on interpretations of statute and regulations. *See, e.g.,* Norwalk Report ¶¶ 93, 97, 103, 111-112 (citing 42 C.F.R. § 440.230(b); 42 U.S.C. § 1396r-8(d)(1)(B(i); 77 Fed. Reg. 5318, 5351 (Feb 2, 2012); Ill. Admin. Code tit. 89, §§140.440-441 (2004); Mich. Comp. Laws § 400.109h(1)(2004)). Relator did not address the nature of Ms. Norwalk's erroneous legal interpretations in detail in summary judgment briefing because – as the Court noted – Celgene did not address most states. Dkt. No. 369 at 17 (denying summary judgment as to most Medicaid programs because Celgene failed to properly brief the issue); *see also* Dkt. No. 325 at 22 (citing *U.S. ex rel. Franklin v. Parke-Davis*, 2003 WL 22048255, *9-10(D. Mass. August 22, 2003)). But the flaws in Ms. Norwalk's legal analyses are not relevant for the purposes of this motion. Rather, Ms. Norwalk cannot properly opine on the boundaries of state coverage *at all* for any state on which her opinion is predicated on interpretation of governing statutory or regulatory provisions.

For the same reasons, Attorney Norwalk cannot properly opine that [redacted] Norwalk Report ¶ 11 (emphasis in original). She cannot tell the jury what a statute says or means with respect to coverage.[1] Although not necessarily relevant to Celgene's liability, any other opinions by Ms. Norwalk as to the statutory and regulatory bases and limitations of coverage – such as the legal bases of coverage under Medicare Part B (Norwalk Report ¶¶ 37-38), Part D coverage for "medically accepted" indications (*id.* ¶¶ 58-60), or what constitutes a "supportive use" under the

[1] In fact, Ms. Norwalk is wrong on this point too. A Medicare prescription is not reimbursable unless it is *both* "reasonable and necessary" *and* "medically accepted." Dkt. No. 325 at 21 (citing cases). Thus, through proper ***statutory*** interpretation – in which a court may engage but Ms. Norwalk may not – courts have held that uses that are "medically risky" are not "reasonably and necessary," and thus not reimbursable even of compendia support exists. *Id.* at 22 (citing cases).

compendia (*id.* ¶ 35)[2] – are likewise inadmissible legal opinions.

In short, Ms. Norwalk may cannot opine as to what Medicare or Medicaid may lawfully cover, a principal legal determination underlying whether a claim is false. Indeed, although not required to decide the issue definitively under the facts of the case, courts in this Circuit have found an expert opinion as to whether insurance would cover something to be a "borderline inadmissible legal conclusion[ ]." *See, e.g., Dairy Am., Inc. v. New York Marine & Gen. Ins. Co.*, No. 07-0537, 2009 U.S. Dist. LEXIS 62346, at *10-13 (E.D. Cal. July 21, 2009) (opinion of expert – a marine and surplus lines insurance executive – that a 'lost or not lost' clause as used in ocean marine insurance provides that insurance will pay even if the loss insured against has occurred prior to the effective date of the insurance was a "borderline inadmissible legal conclusion" and insufficient to "unwind summary judgment").[3]

Relatedly, Attorney Norwalk's opinions on lawfulness of coverage are also unhelpful to the jury under Fed. R. Evid. 702, because by giving the jury (erroneous) instructions as to what the law is, Ms. Norwalk is necessarily opining that Celgene *complied* with it and that the off-label uses at issue are thus reimbursable and thus not false. *See, e.g., Nationwide*, 523 F.3d at 18-20 (recognizing that e expert legal conclusions that "merely tell[ ]the jury what result to reach" are "not sufficiently helpful to the trier of fact to be

---

[2] Ms. Norwalk predicates her conclusions as to what qualifies as supportive under different compendia based on her own interpretation of the Medicare Benefits Policy Manual. But proper interpretation of the Manual is a legal question for the Court. *See, e.g., United States ex rel. Polansky v. Exec. Health Res, Inc.*, No. , 2015 U.S. Dist. LEXIS 102113, at *51-60 (E.D. Pa. July 26, 2016) (rejecting defendant's interpretation of the Medicare Benefit Policy Manual). Here too, the Court already interpreted the Medicare Benefit Policy Manual and delineated the contours of "compendia support" in a determination that conflicts with Ms. Norwalk. Dkt. No. 147 at 7-8. Relator's expert Dr. Stephen Fadem – unlike either Ms. Norwalk or Celgene's compendia expert Dr. William Bensinger – conducted a comprehensive analysis of the underlying compendia entries and scientific literature in keeping with the Court's interpretation to determine whether support existed as a *factual* matter.

[3] The Court was asked to consider this expert opinion in the context of a motion for reconsideration of summary judgment, which it denied, and was not called upon to determine whether the opinion was admissible under *Daubert* or Rule 702.

admissible" under Rule 702).

**B. Ms. Norwalk's opinions on the existence and significance of reimbursement of off-label uses of Celgene's drugs are not admissible and violate the "best evidence rule."**

In addition to her improper legal opinions, Attorney Norwalk opines that [redacted] Norwalk Report ¶ 13.

As support for her assertion, Ms. Norwalk identifies documentary evidence in which Part D Providers purportedly overturned coverage denials even though off-label uses were not medically accepted (Norwalk Report ¶ 76) or – as identified in her "supplemental" expert rebuttal report from June 2016 – a first level reviewer for CMS contractor MAXIMUS purportedly authorized coverage for off-label uses that were not medically accepted because they lacked compendia support. *See* Brooks Decl. Ex. S ("Supplemental Report) ¶¶ 4(c), 17-18.

These documents all speak for themselves, and testimony by Attorney Norwalk purporting to tell the jury what they say and mean is not proper expert testimony and is barred by the best evidence rule. *See, e.g., Cal. Dep't of Toxic Substances Control v. Interstate Non-Ferrous Corp.*, 298 F. Supp. 2d 930, 986 (E.D. Cal. 2003) (agreeing that expert "improperly testifies to the contents of the document" and that "[t]he document speaks for itself" under "the best evidence rule" and thus striking portions of report and barring testimony that purported to state what a document said and meant).

Permitting Attorney Norwalk to testify in this manner is particularly concerning because Attorney Norwalk has frequently misconstrued or misrepresented the coverage documents she purports to describe. For example, as Relator explained at summary judgment, MAXIMUS reviewers *found* compendia support existed for off-label uses Ms.

Norwalk claimed they approved notwithstanding their determination that compendia support did *not* exist. *See, e.g.*, Dkt. No. 326 at D48.

Likewise, Attorney Norwalk unequivocally misconstrues or misrepresents regulations and CMS rulemaking commentary. For example, Ms. Norwalk opines that [redacted] taking the following quote from 2005 Rulemaking Commentary out of context as support for the proposition: "Plans have the flexibility to decide … whether the statutory definition of 'medically accepted indication' is met . .. ." Norwalk Report ¶ 61 (quoting 70 Fed. Reg. at 4261). In fact, as a review of this portion of the Federal Register reveals, a "***commenter*** recommended that at a minimum, we should clarify that there is nothing to prevent a Part D plan covering an off-label use that does not meet the statutory definition of 'medically accepted indication' if, based on expert advice, the plan determines that such use is appropriate." 70 Fed. Reg. at 4261 (available at http://www.gpo.gov/fdsys/pkg/FR-2005-01-28/pdf/05-1321.pdf) (emphasis added), attached hereto as Exhibit T to the Brooks Declaration.

CMS expressly rejected this *commenter's* suggestion as not legally viable. CMS explained that Medicare D "Plans have the flexibility to decide how to monitor whether a drug is prescribed for a medically accepted indication," and some discretion "to determine whether the statutory definition of 'medically accepted indication'' is met with regard to the particular use of a drug." *Id.* at 4261. But in responding to the commentator's suggestion, CMS stressed that "a drug is considered to be a Part D drug only if prescribed for a 'medically accepted indication' as defined under section 1927(k)(6) of the Act. Drugs may not be covered under Part D even if they are not prescribed for a medically accepted indication. Coverage for other than a medically accepted indication is not permitted under the statute, since such drugs would not be considered Part D drugs." *Id.*

Ms. Norwalk's errors or misrepresentations of statute, regulation, and documents that speak for themselves are manifold and cannot all be addressed in this brief. Suffice it to

say – like her interpretation of the scope of Medicare coverage, CMS rulemaking commentary, and the MAXIMUS review noted by Relator at summary judgment – virtually every interpretation by Ms. Norwalk of insurer coverage determinations and MAXIMUS reviews are facially implausible and unequivocally incorrect. Relator will establish this at trial if the Court permits her to testify. But the Court should not allow her to instruct the jury on erroneous interpretations of statute, regulations, rulemaking commentary and coverage documents.

Relator does not object to Ms. Norwalk testifying as to the "structure and history of Medicare" as such background information can prove helpful to the jury in understanding the claims and defenses at issues. *See* Norwalk Report ¶ 23; *see also id.* ¶¶ 49-51.[4] But this can be and is better accomplished by stipulation or through jury instructions.

In short, none of Ms. Norwalk's opinions regarding bases and limitations as to insurance coverage, practices of insurers, or meaning and significance of coverage appeals are admissible. Aside from general background testimony as to the architecture of Medicare, all of Ms. Norwalk's remaining opinions likewise constitute impermissible legal conclusions or otherwise invade the province of the jury by purporting to tell the jury what documents that speak for themselves say and mean. *E.g. Cal. Dep't of Toxic Substances Control*, 298 F. Supp. 2d at 986. Thus, she cannot offer any testimony that is probative of falsity, materiality, or any other element of Relator's claims.

### C. If allowed to testify, Ms. Norwalk's testimony should be limited to avoid undue prejudice.

As this Court has previously recognized, "Rule 403 also guides [its] analysis" when determining whether to exclude or limit expert testimony. *In re Katz Interactive Call*

---

[4] Relator does object to *ipse dixit* conclusions such Ms. Norwalk's conclusory and unsupported statement that "CMS did not intend to disrupt or fundamentally change the customary division of labor among insurance companies, PBMs, and pharmacies." Norwalk Report ¶ 54. Such assertions are improper. *See, e.g.*, *United State v. Cerna*, No. 08-0730, 2010 U.S. Dist. LEXIS 146687, at *22-25 (N.D. Cal. Dec. 17, 2010); *Microsoft Corp. v. Motorola, Inc.*, No.C10-1823, 2013 U.S. Dist LEXIS 60233, at *86, *90, *111, *121 (W.D. Wash. Apr. 25, 2013).

*Processing Patent Litig.*, No. 07-ML-01816, 2009 U.S. Dist. LEXIS 114681, at *5 (C.D. Cal. Mar. 11, 2009) (Klausner, J.). Indeed, "[b]ecause of the powerful and potentially misleading effect of expert evidence . . . sometimes expert opinions that otherwise meet the admissibility requirements may still be excluded by applying Rule 403." *United States v. Frazier*, 387 F.3d 1244, 1263 (11th Cir. 2004). Exclusion under Rule 403 is appropriate if "the probative value of otherwise admissible evidence is substantially outweighed by its potential to mislead the jury." *Id*. "Simply put, expert testimony may be assigned talismanic significance in the eyes of lay jurors, and therefore, the district courts must take care to weigh the value of such evidence against its potential to mislead." *Id.*

Here, Ms. Norwalk's (a) statutory and regulatory interpretations, (b) instructions to the jury as to what documents say and mean, and (c) repeated statements purporting to identify CMS motivations underlying its coverage regulations and limitations (*see, e.g.*, Norwalk Report ¶¶ 41, 52-53, 61)[5] are unduly prejudicial and confusing when coupled with her past service as the senior most official for CMS – the client agency that is the real party in interest in this case – to whom Ms. Norwalk is now adverse. A jury will assign "talismanic significance" to her opinions beyond that which is warranted on their merits by virtue of her past status. *Frazier*, 387 F.3d at 1263. This is particularly concerning both because (1) her testimony presents as if she is speaking on behalf of the government even though she is not permitted to do so and must offer a cursory disclaimer to that effect (*see* Norwalk Report ¶ 7); and (2) her testimony misconstrues and misrepresents the law and documentation she has reviewed (as discussed above).

Thus, to the extent the Court allows Ms. Norwalk to testify at all, it should at preclude her from discussing her prior service as the senior most official of CMS. *See, e.g., Bank v. White*, No. 06-01475, 2009 U.S. Dist. LEXIS 94584, at *13-14 (E.D. Ark. Sept. 24, 2009) (crediting defendants' argument that disclosure that plaintiff's accident reconstruction

[5] For example, Ms. Norwalk purports to describe what CMS did and did not *intend* to do by creating Medicare Part D (Norwalk Report ¶¶ 52-53) and describes CMS's purported "concerns" (*id.* ¶ 61).

expert "previously worked for Defendant's law firm" "would be an improper bolstering of [the expert's] credibility, and thus unfairly prejudicial or confusing to the jury" under Rule 403 and holding that disclosure of this work history would only be allowed as rehabilitation, if and only if, defendants impeached his credibility).

If Ms. Norwalk is permitted to testify, it is all but inevitable that full disclosure of her prior work for and status at CMS, particularly when coupled with her continued work as an attorney, will unduly prejudice and confuse the jury. Neither Celgene nor Ms. Norwalk should be permitted to disclose this former professional affiliation to the jury lest it appear that the government—rather than the private sector industry mouthpiece Ms. Norwalk is today—reached these conclusions.

## IV. Conclusion.

For the foregoing reasons, the Court should preclude Ms. Norwalk from testifying at trial or, in the alternative, limit her testimony in the manner requested by Relator.

Dated: March 10, 2017

**BIENERT, MILLER & KATZMAN, PLC**

By: /s/ *Michael R. Williams*
Thomas H. Bienert, Jr.
Michael R. Williams

Reuben A. Guttman *(admitted pro hac vice)*
Traci L. Buschner *(admitted pro hac vice)*
Justin S. Brooks (*admitted pro hac vice)*
**GUTTMAN, BUSCHNER & BROOKS PLLC**

Richard A. Harpootlian (*admitted pro hac vice*)
Christopher P. Kenney (*admitted pro hac vice*)
**RICHARD A. HARPOOTLIAN, PA**

*Attorneys for Plaintiff-Relator BEVERLY BROWN*

## CERTIFICATE OF SERVICE

I, Carolyn K. Howland, declare,

That I am a citizen of the United States and am a resident or employed in Orange County, California; that my business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673; that I am over the age of 18 and not a party to the above-entitled action.

That I am employed by a member of the United States District Court for the Central District of California and at whose direction I caused service of: **RELATOR'S *DAUBERT* MOTION TO STRIKE OR PRECLUDE THE EXPERT TESTIMONY OF LESLIE NORWALK** on the interested parties as follows:

**X BY ELECTRONIC MAIL:** by electronically filing the foregoing with the Clerk of the District Court using its ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies said parties in this case:

Brian Hershman
bhershman@jonesday.com

Michelle B. Goodman
mgoodman@sidley.com

Kimberly A Dunne
kdunne@sidley.com

Sean A Commons
scommons@sidley.com

Toni-Ann Citera
tcitera@jonesday.com

Karen Hewitt
kphewitt@jonesday.com

jdelmedico@JonesDay.com

Linda A. Kontos
Linda.kontos@usdoj.gov

Jay Edward Smith
js@gslaw.org

Brent A. Whittlesey
Brent.whittlesey@usdoj.gov

This certificate was executed on March 10, 2017, at San Clemente, California.

I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Carolyn K. Howland /s/*
Carolyn K. Howland